UNION FISHERMEN'S CO-OP. PACKING CO. v. HUNTLEY, Collector of Internal Revenue.

(District Court, D. Oregon. January 2, 1923.)

No. E-8623.

Internal revenue ⟨⟩28—Suit to restrain collection of additional income tax held not maintainable.

A packing company filed a claim for abatement of an additional income tax with the collector of internal revenue, and served a written request for a hearing, with bond, and after the lapse of six months sued to restrain the assessment and collection of the additional taxes. Held, that the suit could not be maintained, in view of Rev. St. § 3224 (Comp. St. § 5947), expressly inhibiting the maintenance of any suit to restrain the collection or assessment of any tax, and of section 3226 (Comp. St. § 5949), prohibiting the maintenance of a suit for the recovery of any internal tax erroneously or illegally assessed or collected, until appeal and decision by the Commissioner of Internal Revenue, unless such decision be delayed for more than six months from date of appeal; such later section affording a complete formula for compelling repayment of taxes erroneously or illegally assessed or collected.

In Equity. Suit by the Union Fishermen's Co-Operative Packing Company against Clyde G. Huntley, Collector of Internal Revenue for Oregon. On motion to dismiss. Motion sustained.

Norblad & Hesse, of Astoria, Or., for plaintiff.
Lesier W. Humphreys, U. S. Atty., of Portland, Or., for defendant.

WOLVERTON, District Judge. The plaintiff, having been assessed for the years 1916, 1917, and 1918 with an additional income tax of $48,587.99, on February 11, 1922, filed with the collector of internal revenue for the state of Oregon a claim for abatement of the tax, and at the same time served upon defendant a written request for a hearing at which it would be accorded the privilege of being represented.

On March 2d following it filed a bond as requested, in the penal sum of $55,000, guaranteeing the payment of such additional tax in the event that abatement of the claim was denied. More than six months having elapsed since the filing of such claim, the plaintiff brings this suit to restrain the assessment and collection of such additional taxes.

The question is presented, by a motion to dismiss, whether plaintiff is entitled to prosecute the suit, in view of the provisions of sections 3224 and 3226 of the Revised Statutes (Comp. St. §§ 5947, 5949). The first of these sections expressly inhibits the maintenance of any suit for the purpose of restraining the assessment or collection of any tax. The second provides that:

"No suit shall be maintained in any court for the recovery of any internal tax alleged to have been erroneously or illegally assessed or collected  *  *  * until appeal shall have been duly made to the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof, and a decision of the Commissioner has been had therein: Provided, that if such decision is delayed more than six months from the date of such appeal, then the said suit may be brought, without first having a decision of the Commissioner at any time within the period limited in the next section"

—which is two years next after the cause of action accrues.

Counsel for plaintiff claim that the two sections should be construed in pari materia, and, when so construed, that the suit comes within the pale of the statute. Obviously section 3226 relates to a recovery from the government of a tax that has already been paid to it. Otherwise there would be an irreconcilable repugnancy between it and section 3224. The tax having been paid, there can still be no recovery until an appeal shall have been made to the Commissioner of Internal Revenue as prescribed. In other words, section 3226 affords a complete formula for compelling repayment of taxes, paid to the government under protest, on the ground that the same have been erroneously or illegally assessed or collected, and a strict, or at least a substantial, compliance therewith is required before recovery can be had.

Under the statute thus construed, the plaintiff is without its remedy for restraining the collection of the tax complained of. If there were doubt about the correct solution of the problem prior to the decision of the court in Rock Island, etc., R. Co. v. United States, 254 U. S. 141, 41 Sup. Ct. 55, 65 L. Ed. 188, it has been set at rest by the opinion in that case.

The motion to dismiss will be sustained.