The averments of the petition are stated in the opinion.
Graham, Judge,
delivered the opinion of the court:
It is averred in the petition that the plaintiff, as. president of the George M. Hayner Co., received from said company .as salary, in the year 1918, the sum of $13,195.19. He made his individual income-tax return, including the amount stated as salary, and paid his tax on March 15, 1919. In its income and excess-profits tax return for 1918, the George M. Hayner Co. reported as expense the amount paid to plaintiff as salary. After the audit of the company’s return the Treasury Department, in a letter dated December 24, *190 1923, disallowed as salary $3,195 of the amount paid plaintiff, upon the ground that the amount should be treated as a dividend, and assessed the normal tax thereon against the company. This assessment, amounting to $81.87, was paid by the company on March 12, 1924. On June 22, 1924, plaintiff filed a claim for refund of $383.40 because of the normal tax on $3,195 disallowed as salary and treated as a dividend to him from the George M. Hayner Co. The claim was disallowed on March 5, 1925, upon the ground that it was barred by section 281 (b) of the revenue act of June 2, 1924, 43 Stat. 301, which provides that:
“ * * * no such credit or refund shall be allowed or made after four years from the time the tax was paid, unless before the expiration of such four years a claim therefor is filed by the taxpayer, * *
The plaintiff contends that he had no basis for a claim for refund on account of the normal tax paid at the source by the George M. Hayner Co. until after the action of the Commissioner of Internal Revenue disallowing as salary $3,195, on December 24, 1923, and that the statute of limitations did not begin to run until the accrual of the plaintiff’s right of action.
It is admitted that the plaintiff received as salary $13,195.79 and returned it as such for taxation. It does not appear that he has returned or has been called upon to return, any of it to the company. Although the Treasury Department held that a part of the sum paid him should be accounted for by the company as a dividend, this does not alter the fact that the plaintiff received it as salary. Having received it as salary, he was called upon to account for it as such in his return. He paid his tax on March 15, 1919, and filed a claim for refund on June 22, 1924, over five years afterwards. The language of the statute is plain and must be construed according to its terms and, as it is in the nature of an indulgence to the taxpayer, it must be strictly construed. It says that a claim for refund must be filed within four years from the date of the payment of the tax. The plaintiff has attempted to construe the payment of the tax by the company as the payment of the tax by him. The *191 two payments are entirely separate, and the statute of 1924 above provides no exception for such a case as the plaintiff presents.
The demurrer should be sustained and the petition dismissed. It is so ordered.
Hat, Judge; DowNey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.