## RITTER v. UNITED STATES.

District Court, W. D. Pennsylvania. February 9, 1927.

No. 3481.

1. **Internal revenue** ⊂⇒38(7)—**Filing claim with commissioner is condition precedent to suit to recover tax erroneously paid (Revenue Act 1926, §§ 1112, 1113 [44 Stat. 115, 116]).**

Under Revenue Act 1926, §§ 1112, 1113 (44 Stat. 115, 116), filing of a claim for taxes alleged to have been erroneously assessed or collected with the commissioner of Internal Revenue is a condition precedent to suit thereon.

2. **Internal revenue** ⊂⇒38(7)—**Verbal claim for refund of tax to field agent of Internal Revenue Department is not sufficient to support suit thereon (Revenue Act 1926, §§ 1112, 1113 [44 Stat. 115, 116]).**

Under Revenue Act 1926, §§ 1112, 1113 (44 Stat. 115, 116), requiring a claim for refund of tax, alleged to have been erroneously or illegally assessed or collected, to be "duly filed" with the Commissioner of Internal Revenue before suit may be maintained thereon, verbal claim made to field agent of department is not sufficient.

3. **United States** ⊂⇒40—**Government officer or agent cannot waive statutory limitations on suits against United States.**

Government officer or agent is without authority to waive statutory limitations on suits against United States.

At Law. Action by Daniel Ritter against the United States. On demurrer to statement of claims. Demurrer sustained.

James Walton, of Pittsburgh, Pa., for plaintiff.

J. D. Meyer, U. S. Atty., of Pittsburgh, Pa.

SCHOONMAKER, District Judge. This case is now before the court on statutory demurrer filed under the Pennsylvania Practice Act of 1915 (Pa. St. 1920, §§ 17181–17204). The well-pleaded facts of the statement of claim are therefore admitted. So far as a reference to them is necessary for the discussion of this case on demurrer, they are as follows:

The plaintiff, on or about April 1, 1918, filed an income tax return under the Revenue Act of 1917 (40 Stat. 300), disclosing a tax liability for the calendar year 1917 of $6,964.95, and paid that amount. His correct tax liability for that year was, however, only $5,873.14, so that he overpaid his tax for the year 1917 in the sum of $1,091.81. This fact was discovered by United States Field Revenue Agent Timberlake on December 30, 1922, on an audit of plaintiff's books, and the agent thereupon notified the plaintiff of this overpayment. The plaintiff then made a verbal claim for the repayment of this amount to Field Agent Timberlake, who advised the plaintiff that no other claim was necessary, and that in due course of procedure in the office of Commissioner of Internal Revenue the excess tax paid would be refunded to the plaintiff as a matter of course. Later, on November 25, 1924, the Commissioner of Internal Revenue notified the plaintiff by letter of that date that the revenue agent's report disclosed an overassessment of only $1,080.-43, and that the claim of the plaintiff appeared to be barred by the statute of limitation. It does not appear that any claim for refundment of this overpayment was ever made directly to the Commissioner of Internal Revenue.

The defendant contends that these facts do not entitle the plaintiff to recover by reason of section 1112 of the Revenue Act of 1926, amending section 3228 of the Revised Statutes, and section 1113 of the Revenue Act of 1926, amending section 3226 of the Revised Statutes (44 Stat. 115, 116), which require an applicant for refundment to file his claim for such refundment with the Commissioner of Internal Revenue prior to the institution of suit. These two sections are as follows:

"Sec. 1112. Section 3228 of the Revised Statutes, as amended, is amended to read as follows:

"'Sec. 3228. (a) All claims for the refunding or crediting of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty alleged to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected must, except as provided in sections 284 and 319 of the Revenue Act of 1926, be presented to the Commissioner of Internal Revenue within four years next after the payment of such tax, penalty, or sum."

"'(b)     *     *     *'

"Sec. 1113. (a) Section 3226 of the Revised Statutes, as amended, is re-enacted without change as follows:

"'Sec. 3226. No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner of Internal Rev-

enue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof; but such suit or proceeding may be maintained, whether or not such tax, penalty, or sum, has been paid under protest or duress. No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the Commissioner renders a decision thereon within that time, nor after the expiration of five years from the date of the payment of such tax, penalty, or sum, unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates. The Commissioner shall within ninety days after any such disallowance notify the taxpayer thereof by mail.'

"(b)    *    *    *"

The plaintiff contends that no claim for refundment is required in the instant case; that, even if it were, the verbal claim made to Revenue Agent Timberlake was a sufficient compliance with the law; and that the statement of the revenue agent to the effect that no other claim than that made to him was necessary, and that the refundment would be made on his report as a matter of course, now estops the government from pleading the bar of the statute.

[1] First, then, is a claim for refund necessary in the present case as a condition precedent to suit? This question must be answered in the affirmative. We are of the opinion that sections 1112 and 1113 of the Revenue Act of 1926, above quoted, are the statutes which govern the taxpayer's right to sue. By these sections it is clear that claims for refundment must be filed with the Commissioner of Internal Revenue as a necessary prerequisite to suit to recover an alleged overpayment of taxes. The United States may be sued only in the manner that it consents to be sued by statutes. If a taxpayer fails to comply with the statutory prerequisite, action is barred. The courts have repeatedly so held. Nichols v. U. S., 74 U. S. (7 Wall.) 122, 19 L. Ed. 125; Kings County Sav. Inst. v. Blair, 116 U. S. 200, 6 S. Ct. 353, 29 L. Ed. 657; Rock Island, etc., R. R. Co. v. U. S., 254 U. S. 141, 41 S. Ct. 55, 65 L. Ed. 188; B. & O. R. R. Co. v. U. S., 260 U. S. 565, 43 S. Ct. 169, 67 L. Ed. 406; Union Fishermen's Co-oper. Pkg. Co. v. Huntley (D. C.) 285 F. 671; Hayner v. U. S., 62 Ct. Cl. 189 (decided May 10, 1926).

Plaintiff has cited a number of Treasury Department regulations showing that reduction of internal revenue assessments and adjustments of overpayment of revenue may be made in certain cases by the Commissioner without a claim being filed by the taxpayer. The fact that the Commissioner may adjust overpayments of his own motion, without claim by the taxpayer, does not change the situation when the taxpayer comes to sue the government. In that case the statutory prerequisites must be strictly complied with before the suit will lie.

[2] We then pass to the next question of the case: Was the claim for refundment made verbally by the plaintiff to Revenue Agent Timberlake a compliance with the statute? This question must be answered in the negative. The plain language of the statute requires claim for refundment to be made to the Commissioner of Internal Revenue. The statute must be strictly construed. A field revenue agent is not the person to whom claim can be made under the terms of the statute. Therefore the verbal claim to Agent Timberlake was not a claim for refundment prescribed by the statute.

[3] The last question presented is whether or not the government is now estopped from pleading the bar of the statute, in view of the conduct and statements of Field Agent Timberlake? On December 30, 1922, the Revenue Agent told the plaintiff that he had overpaid his 1917 income tax, and that the amount overpaid was properly and legally refundable to the plaintiff, who thereupon verbally claimed the amount from the revenue agent, and asked him what steps the plaintiff would be required to take in order to get the amount of the tax refunded. The agent then told the plaintiff that no further claim was necessary, and that in the regular course of routine procedure in the office of the Commissioner of Internal Revenue the excess tax paid by the plaintiff would be refunded. If this agent had any authority to act for the government, it ought to be concluded by his statement; but the trouble is that he was utterly without power to bind the government by any statement he made. The courts have held that no officer of the government has any power or authority, either expressly or by acts, to waive limitations imposed by statute upon suits against the United States. Finn v. United States, 123 U. S. 227, 233, 8 S. Ct. 82, 31 L. Ed. 128; Lee v. Munroe & Thornton, 7 Cranch, 366, 3 L. Ed. 373; Pine River Logging Co. v. U. S., 186 U. S. 279, 291, 22 S. Ct. 920, 46 L. Ed. 1164; Utah Power & Light Co. v. U. S., 243 U. S. 389, 408, 37 S. Ct. 387, 61 L. Ed. 791.

Counsel for the plaintiff has called our attention to the case of Black v. Bolen (D. C.) 268 F. 427, which holds that, where a claim for an abatement of an income tax has been rejected by the Commissioner of Internal Revenue, it is not necessary to file a claim for refundment for such part of the tax paid under protest before commencing suit for its recovery. But that case is not parallel with the instant case, or controlling on the facts here, for in that case the Commissioner himself, the very officer of the government who had the power to reject claims for refundment, had acted upon the claim on its merits, and had informed the taxpayer that no other claim for refundment was necessary in order to institute suit. There the Commissioner had in effect refused a claim for refundment, and it would have been an idle act for the taxpayer to file such a claim.

That is not the situation in the present case. The Commissioner had not acted, and had not rejected the plaintiff's claim in any way. The statutes pointing out the manner in which the taxpayer might bring suit to recover taxes paid were open to the plaintiff in this case, as well as to all other persons, and we cannot hold that the government was estopped by the statement of a revenue agent, who had no actual power to pass upon the plaintiff's claim for refundment. The Commissioner was the only one who could act on that. We therefore hold that the defendant is not estopped by the statements of the revenue agent now to plead the bar of the statute.

An order may be submitted, sustaining the statutory demurrer in this case.