## UNITED STATES v. CHICAGO GOLF CLUB.

### No. 5643.

Circuit Court of Appeals, Seventh Circuit.
June 22, 1936.

---

Frank J. Wideman and Robert H. Jackson, Asst. Attys. Gen., Sewall Key, Norman D. Keller, and Warren F. Wattles, Sp. Assts. to Atty. Gen., Michael L. Igoe, U. S. Atty., of Chicago, Ill., and Maurice J. Mahoney, of Washington, D. C., for the United States.

Ernest C. Reniff, of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and BALTZELL, District Judge.

BALTZELL, District Judge.

The appellee is an Illinois corporation, organized for the purpose of promoting the game of golf, and other outdoor sports. By-laws were adopted by it which have been in full force and effect at all times since its incorporation. There is a certain class of membership known as the "transferable resident membership," the holders of which, under the provisions of the by-laws, were entitled to an individual interest in the property of appellee in the same ratio as the membership bore to the total membership. A certain fee was charged for each such membership which was considered by appellant to be an initiation fee and subject to a tax under the revenue laws. Consequently, beginning on April 28, 1921, and continuing to August 24, 1926, appellee was required by appellant to pay, and did pay under protest, taxes upon such membership fees collected by it during that time in the total sum of $11,834.45, of which amount $10 was a penalty.

It was contended by appellee at all times that, under the law, such fees were not taxable and that it should not be required to pay a tax thereon. The Court of Claims, in the case of Alliance Country Club v. United States, 62 Ct.Cl. 579, afterwards decided upon the same set of facts that fees collected as membership fees, similar to those in the instant case, were not taxable. Appellant accepted this as the law and required no further payments from appellee after that decision, and therefore the last payment made by it was on August 24, 1926.

On April 4, 1928, appellee filed its claim for refund with the Commissioner of Internal Revenue, wherein it claimed a refund of the total amount theretofore paid; that is, the sum of $11,834.45. Appellant conceded that the money had been erroneously or illegally collected as taxes, but contended that it could not allow a refund of the entire amount, because a part of it had been paid more than four years prior to the filing of the claim. It did, however, allow the amount that had been paid during the period immediately preceding the filing of the claim, that is, from April 4, 1924, to August 24, 1926, in the sum of $4,546.59, but rejected the amounts paid more than four years prior thereto in the sum of $7,277.86. On January 2, 1929, appellee filed its claim for a refund of the amount previously rejected, which claim was denied on February 14, 1929, and a reconsideration and reopening of the same was refused on August 8 of the same year. Suit was filed in the District Court by appellee on August 6, 1931, which was more than two years after the rejection of its claim. In such suit judgment against appellant in the sum of $7,277.86 with interest was sought. To the complaint a general appearance was entered by appellant, and the only pleading or answer filed by it was that of the general issue. The District Court filed special findings of fact upon which it concluded as a matter of law: (1) "That defendant cannot under the plea of the general issue raise the question of timeliness of the filing of the claim for refund." (2) "That under the pleadings and evidence plaintiff is entitled to recover the sum of $7,277.86 together with interest thereon." Judgment was accordingly entered for such amount.

It is the contention of appellant that

Court of the United States in A. L. A. Schechter Poultry Corporation v. United States of America, 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570, 97 A.L.R. 947, decided May 27, 1935, Count Two of the complaint in this proceeding be, and the same hereby is, dismissed.

the provisions of sections 3226 and 3228, Revised Statutes,* which fix the time in which claims must be filed ·and in which suit shall be begun after disallowance thereof, constitute a part of·the terms upon which it has consented to be sued. It is further contended by it that no suit can be maintained unless the provisions of such statutes have been fully complied with; that appellee's compliance therewith is a condition or qualification of its right to sue; and that it must both allege and prove facts constituting a compliance therewith. It is further contended by appellant that the two requirements of the statute, that is, the filing of the claim for refund within four years after the payment of the tax, and the commencement of suit within two years after rejection of the claim, are substantive jurisdictional requirements, and that, in their absence, or in the absence of either of them, the court has no jurisdiction.

It is the contention of appellee that the provisions of these statutes, in so far as they relate to the time of the filing of a claim and the commencement of a suit, are statutes of limitations; that they are not jurisdictional, and that if appellant had desired to avail itself of them, it should have specially pleaded them. It is further contended that, since it failed to so plead them, it' cannot now complain, and that it is bound by the judgment of the District Court.

Appellant does not contest the correctness of the amount of the judgment, or the fact that such amount was erroneously òr illegally collected by it. Hence, the only question for determination is whether the time limitations .contained in the statutes for the filing of a claim for refund and for the filing of a suit after the disallowance thereof are statutes of limitations and must, therefore, have been specially pleaded by appellant, or whether they constitute elements of the conditions upon which the United States has consented to be sued and are substantive jurisdictional requirements and need not to have been specially pleaded. If these two requirements are jurisdictional, then it is elementary that in its complaint appellee must have alleged compliance therewith, and in the trial it must have proven such allegations. On the other hand, if such requirements are not jurisdictional, but in effect are statutes of limitations, then no such allegations and proof were required of it. In that event, if appellant had desired their benefit, it was required to plead them specially; a plea of the general issue not being sufficient.

The United States cannot be sued unless it gives its consent. Such consent may be conditioned or limited, as it desires, or it may be refused altogether. If consent, however, is given, the one wishing to avail himself thereof must comply strictly with all of the requirements or conditions of the statute under which such consent is given. The requirements or conditions are always to be found in the statute wherein the consent is given. The provisions of sections 3226 and 3228, Revised Statutes, supra, are specific, and impose upon a taxpayer certain duties to be performed by him before he has permission to maintain a suit against the United States for the recovery of taxes erroneously or illegally paid. The duties thus imposed are that he file a claim for refund with "the Commissioner [of Internal Revenue] within four years next after the payment of such tax." Section 3228. If the claim is disallowed by the Commissioner, another duty is then imposed upon him, if he desires to proceed further, and that is to file a suit "within two years after the disallowance." Section 3226. The conditions under which the United States has consented to be sued for the recovery of taxes erroneously or illegally paid are, therefore, (1) that a claim for refund must be presented to the Com-

---

* "Sec. 3226. No suit or proceeding shall be maintained in any court for the recovery of any internal-revenue tax * * * until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance there-·of; * * *. No such suit or proceeding shall be begun * * * after the expiration of five years from the date of the payment of such tax, * * * unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates * * .*." Revised Statutes, § 3226, as amended by Act Feb. 26, 1926, § 1113 (a), 44 Stat. 116.

"Sec. 3228. (a) All claims for the refunding or crediting of any internal-revenue tax * * * must * * * be presented to the Commissioner within four years next after the payment of such tax * * *." Revised Statutes, § 3228, as amended, 26 U.S.C.A. § 1433.

missioner of Internal Revenue within four years next after the payment of such tax; (2) that suit must be begun within two years after the disallowance of the claim. The time within which the claim must be filed and the time within which suit must be begun after the disallowance thereof are not statutes of limitations as generally understood, but are conditions under which the United States has consented to be sued. The burden was, therefore, upon appellee to have alleged and proven that it had complied with those conditions before its suit could be maintained. This burden it did not and cannot sustain under the facts. These requirements are jurisdictional and must be established by the person invoking the jurisdiction of the court. It is not incumbent upon the United States to specially plead such requirements as a defense, and the District Court should have dismissed the suit for want of jurisdiction.

◼ The Supreme Court of the United States, in the case of Finn v. United States, 123 U.S. 227, 8 S.Ct. 82, 85, 31 L.Ed. 128, in discussing this question, said: "We are of opinion that the claim here in suit * * * cannot properly be made the basis of a judgment in that court. As the United States are not liable to be sued, except with their consent, it was competent for Congress to limit their liability, in that respect, to specified causes of action, brought within a prescribed period. * * * The duty of the court, under such circumstances, whether limitation was pleaded or not, was to dismiss the petition; for the statute, in our opinion, makes it a condition or qualification of the right to a judgment against the United States that * * * the claim must be put in suit by the voluntary action of the claimant, or be presented to the proper department for settlement, within six years after suit could be commenced thereon against the government. * * * The general rule that limitation does not operate by its own force as a bar, but is a defense, and that the party making such a defense must plead the statute if he wishes the benefit of its provisions, has no application to suits in the court of claims against the United States. An individual may waive such a defense * * * by failing to plead the statute; but the government has not expressly or by implication conferred authority upon any of its officers to waive the limitation imposed by statute upon suits against the United States in the court of claims." True, this was not a suit for refund of taxes erroneously or illegally collected, and the court was not considering the provisions of the statutes in question in the instant case, but the suit was the outgrowth of a claim against the United States and the provisions of the statute under which it was asserted did provide for the commencement of the action within a definite period. It is also true that the court was considering the question of the jurisdiction of the Court of Claims, and not of a District Court. In suits for the recovery of taxes erroneously or illegally collected, the District Court, however, is given concurrent jurisdiction with the Court of Claims (28 U.S.C.A. § 41 (20), and the rule thus announced by the Supreme Court is, therefore, equally applicable to the District Court. If the limitations defined in one statute constitute a condition upon which the United States has consented to be sued, it seems logical that it should apply to another similar statute, whether it be a claim for the refund of taxes or for another type of claim.

The Supreme Court did, however, have under consideration section 3226, Revised Statutes, supra, in the case of United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 285, 75 L.Ed. 598. In that case the claim for refund was properly filed and was disallowed upon a certain date. Notice of the disallowance was not forwarded to the taxpayer for a considerable length of time thereafter. Suit was begun within two years after the receipt of notice, but more than two years after the disallowance of the claim. The court, speaking through Mr. Justice Butler, said: "By this statute the United States waived its sovereign immunity from suit. The *permission* to sue is conditioned on the filing of a claim and the lapse of six months or the disallowance of the claim within that period, and is limited to not more than five years after payment of the tax, unless the claim has been disallowed and the action is commenced within two years from the disallowance. * * * By the terms of the statute the period within which the government *consented* to be sued commenced at the expiration of such six months, and continued uninterruptedly through the five-year period following the date of payment and until 'two years after the disallowance.' * * * But it is also well established that suit may not be maintained against the United States in any case not clearly within the terms of the statute by

which it *consents* to be sued. * * * The *permission* to each of the plaintiffs to bring suit expired two years after his claim was disallowed." (Our italics.) In that case the question was presented by a motion to dismiss in the nature of a general demurrer, but the language of the court is to the effect that one of the conditions which the government has attached to its consent to be sued is that suit must be brought within the time prescribed in the statute and is, therefore, jurisdictional. No special pleading on the part of the government is required to raise that question. See Mill Creek & Minehill Nav. & R. Co. v. United States, 246 F. 1013 1015 (D.C.); Ritter v. United States, 19 F.(2d) 251 (D.C.); Id., 28 F.(2d) 265, 267 (C.C.A.3); United States v. Connor, 138 U.S. 61, 11 S.Ct. 229, 34 L.Ed. 860; United States v. Greathouse, 166 U.S. 601, 17 S.Ct. 701, 41 L.Ed. 1130; United States v. Wardwell, 172 U.S. 48, 19 S.Ct. 86; 43 L.Ed. 360; United States ex rel. Louisville Cement Co. v. Interstate Commerce Commission, 246 U.S. 638, 38 S.Ct. 408, 62 L.Ed. 914; Tucker v. Alexander, Collector, 275 U.S. 228, 48 S.Ct. 45, 46, 72 L.Ed. 253.

Speaking of the position in which the taxpayer finds himself, under conditions similar to those in the instant case, the Circuit Court of Appeals for the Third Circuit, in the case of Ritter v. United States, supra, said: "There is no question but that the tax involved in this suit was an overpayment innocently made. In order to have it refunded, however, it was necessary that a claim be filed with the Commissioner of Internal Revenue within four years from the date of payment. It is unfortunate and to be regretted that the plaintiff finds himself in the position in which his negligence, misunderstanding, or the unauthorized statement of the field agent, Timberlake, places him, but the sovereign government may not be sued, except upon its consent, and then only upon the conditions under which it has consented to be sued, even though they be purely formal. [Cases cited.] One of those conditions in this case is that the claim for refund must have been filed with the Commissioner of Internal Revenue within four years after the time of payment of such tax."

In the case of Tucker v. Alexander, Collector, supra, the court said, in discussing the question of the sufficiency of the form of the claim filed: "We can perceive no valid reason why the requirements of the regulations may not be waived for that purpose. We are not unmindful of those cases holding that in suits against the government no officer of the government may waive statutes of limitations. Finn v. United States, 123 U.S. 227, 8 S.Ct. 82, 31 L.Ed. 128. Such waivers if allowed would defeat the only purpose of the statute and impose a liability upon the United States which otherwise would not exist—consequences which do not attach to the waiver here."

The District Court, in the case of Mill Creek & Minehill Nav. & R. Co. v. United States, supra, said, in speaking of the time within which suit must be brought against the United States, under the provisions of a federal statute, that such time "is strictly a condition of the remedy given, and not a statute of limitations in bar of the action." This case was affirmed by the Supreme Court, 251 U.S. 539, 40 S.Ct. 118, 64 L.Ed. 404.

The time within which suit must be begun, as provided in section 19 of the World War Veterans' Act 1924, as amended (38 U.S.C.A. § 445), has been held to be a condition upon which the government has given its consent to be sued. In Lynch v. United States, 80 F.(2d) 418, 419 (C.C.A.5) the court held that: "The United States has consented to be sued upon war risk insurance contracts only upon the facts stated in section 19 of the World War Veterans' Act 1924, as amended by the Act of July 3, 1930. * * * A principal requirement of the section is that no suit be permitted unless brought within the time limited by the statute." See Roberts v. United States, 66 F.(2d) 273 (C.C.A.10).

In arriving at the conclusion that the two requirements of sections 3226 and 3228, Revised Statutes, supra, that is, the four-year period within which appellee should have presented its claim, and the two-year period after disallowance thereof within which it must have begun suit, are substantive jurisdictional requirements and need not have been specially pleaded by appellant, we are not unmindful of the decision of the Supreme Court in the case of Retzer v. Wood, Collector, 109 U.S. 185, 3 S.Ct. 164, 27 L.Ed. 900, upon which both the District Court and appellee relied. We are of the opinion, however, that we must

follow the rule adopted by the Supreme Court in its more recent decisions.

The judgment of the District Court is reversed, with directions to dismiss the suit for want of jurisdiction.