## BRYAN et al. v. UNITED STATES.
No. 2445.

District Court, N. D. Oklahoma.
Oct. 5, 1937.

Yancey, Spillers and Brown, of Tulsa, Okl., for plaintiffs.

C. E. Bailey, former U. S. Atty., and Chester A. Brewer, Asst. U. S. Atty., both of Tulsa, Okl.

FRANKLIN E. KENNAMER, District Judge.

Plaintiffs instituted this action to recover approximately $300,000 taxes paid to the defendant during the taxable years 1923 to 1929, inclusive.

It is alleged former trustees of the Imperial Royalties Company, a trust estate organized under the laws of the State of Oklahoma, had knowingly and willfully inflated the federal income tax returns, in order to encourage prospective purchasers to buy certificates of beneficial interest on the sale of which said former trustees received commissions; that the government through its duly authorized representatives had access to the books and records of the trust estate, and knew, or by the exercise of ordinary care should have known, that these returns were false; that the present trustees, plaintiffs herein, had no notice of the fraud practiced by the former trustees until an audit of the books of the company was made which was completed in November, 1934; that the plaintiffs made an application with the Income Tax Department of the Treasury Department, as required by law, for a return of the taxes, collected by the United States.

The defendant has filed a motion to dismiss the petition for the reason the action was not filed within the time provided by law. The plaintiff's counsel by brief filed herein contend: The motion to dismiss should not be sustained for the reason the present trustees did not discover the fraud practiced by the former trustees in filing false income tax returns, for the purpose of promoting their own personal interest, until after the time provided by law to file the actions had expired. It is insisted until the discovery of the fraud the limitations prescribed by the Congress does not begin to run—citing Exploration Company, Ltd., v. U. S., 247 U.S. 435, 38 S.Ct. 571, 62 L.Ed. 1200.

It may be readily conceded that ordinarily a statute of limitation cannot be invoked to prevent parties from asserting rights after the lapse of time in which an action could be prosecuted, where such action is bottomed upon the fraud of the

party against whom relief is sought; the reason being that the courts adhere to the rule that the statutes of limitations do not commence to run until after the discovery of the fraud. Statutes of limitations are provided to suppress fraud and prevent unjust and stale claims, and cannot be invoked for the purpose of committing fraud. These salutory principles have no application to the case at bar.

The defendant herein committed no fraud against the trust estate under the allegations of the petition. If the case was against the former trustees, the rule against pleading the statute of limitations would apply. It was not the duty of the government to make income tax returns for the former trustees, but it was the duty of the trustees to make true returns to the government.

In the case of Rock Island Railway Company, v. U. S., 254 U.S. 141, 41 S.Ct. 55, 56, 65 L.Ed. 188, Mr. Justice Holmes said: "Men must turn square corners when they deal with the Government. If it attaches even purely formal conditions to its consent to be sued those conditions must be complied with."

Under the provisions of section 284(b) (1) of the Revenue Act of 1926, 44 Stat. 9, 66, claims for refund of the taxes paid in the year 1923–1924 were required to be filed within four years after the payment of the taxes. Claims for refund of taxes for the years 1925–1926–1927 were required to be filed within three years after the payment of the tax, and under section 322(b) (1), Revenue Act of 1928, 45 Stat. 861 (26 U. S.C.A. § 322 note) claims for taxes for the year 1928–1929 were required to be filed within two years. It is apparent from the allegations of the petition the various provisions of law were not complied with.

The United States are not suable except in the manner in which consent is granted. The time within which the claim must be filed and suit commenced for the recovery of taxes erroneously or illegally paid are not considered as ordinary statutes of limitations, but are mandatory prerequisites to be complied with, so as to confer jurisdiction upon the court to entertain such an action. U. S. v. Chicago Golf Club (C.C.A.7) 84 F.(2d) 914, 106 A.L.R. 209; Dismuke v. U. S., 297 U.S. 167, 56 S.Ct. 400, 80 L.Ed. 561; Lynch v. U. S., 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434; U. S. v. Clarke, 8 Pet. 436, 8 L.Ed. 1001.

The motion to dismiss is sustained.