**BRYAN et al. v. UNITED STATES.**

No. 2445.

District Court, N. D. Oklahoma.

Feb. 17, 1938.

Yancey & Spillers, of Tulsa, Okl., for plaintiffs.

Whit Y. Mauzy, U. S. Atty., and Chester A. Brewer, Asst. U. S. Atty., both of Tulsa, Okl., James ·W. Morris, Asst. Atty. Gen., and Andrew D. Sharpe and Frederic G. Rita, Sp. Assts. to Atty. Gen., for the United States.

FRANKLIN E. KENNAMER, District Judge.

The substance of the allegations of the plaintiffs' petition are found in the opinion of the court in this case, D.C., 20 F.Supp. 878. The amended petition contains the same allegations plus an allegation that the United States government, through its representatives, had information as to the falseness of the returns which were made, failed to disclose that information to the cestui que trustents, and it is sought to charge the government agents with being parties to the fraud.

Plaintiffs now contend that the equitable doctrine that fraudulent conduct tolls the statute of limitations is applicable to all such statutes including those providing for suits by or against the government and

therefore applies to section 1103 of the Revenue Act of 1932, c. 209, 47 Stat. 169, 286, 26 U.S.C.A. §§ 1672–1673 and note. In support of this proposition they rely on United States of America v. Diamond Coal & Coke Co., 255 U.S. 323, 41 S.Ct. 335, 65 L.Ed. 660; United States v. Southern Pacific R. Co., D.C., 11 F.2d 546; United States v. Christopher, 10 Cir., 71 F.2d 764; United States v. Albright, D.C., 234 F. 202; United States v. Woolley, D. C., 262 F. 518; and Exploration Co., Ltd., v. United States, 247 U.S. 435, 38 S.Ct. 571, 62 L.Ed. 1200, and other like cases.

I do not consider that the contention made need be decided nor that its deci sion controls the ruling on the demurrer. Although I doubt its soundness as applied to this particular statute, which is more than a statute of limitations, it is a statute laying down mandatory prerequisites to be complied with in order to confer jurisdiction on the court to entertain the action. In addition to the authorities cited in the former opinion in this case, see Cheatham v. United States, 92 U.S. 85, 23 L.Ed. 561; Rock Island R. R. Co. v. United States, 254 U.S. 141, 41 S.Ct. 55, 65 L.Ed. 188; United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598; United States v. Bibb Manufacturing Co., 5 Cir., 73 F.2d 367; Jelke Company v. Smietanka, Former Collector of Internal Revenue, 7 Cir., 86 F.2d 470; Munro v. United States, 58 S. Ct. 421, 82 L.Ed. ——, decided by the Supreme Court January 31, 1938.

The insuperable obstacle here is that even if the representatives of the government participated in the alleged fraud, that gives no rise to a cause of action against the United States. The government is not responsible for the wrongs, misfeasances, or omissions of duty of its subordinate agents employed in the public service. Robertson v. Sichel, 127 U.S. 507, 8 S.Ct. 1286, 32 L.Ed. 203; German Bank of Memphis v. United States, 148 U.S. 573, 13 S.Ct. 702, 37 L.Ed. 564; and Bigby v. United States, 188 U.S. 400, 23 S.Ct. 468, 47 L.Ed. 519. Indeed, if the allegation introduced by the amended petition must be relied on, the suit becomes one in tort and there is no authority for its institution.

Furthermore, the most that can be said for the attempt to charge fraud is that after the income tax returns were made and the tax paid, the government agents found there was an overpayment. As I view the law there is no duty of trust between the government and the taxpayer nor any obligation on the part of the government employees to search out the cestui que trust and notify them of what had been found. In other words, there was no duty on the part of the government's employees to make a disclosure and their failure to make it did not constitute fraud.

The demurrer is sustained.