## HUNTLEY v. SOUTHERN OREGON SALES, Inc.*

### No. 8501.

Circuit Court of Appeals, Ninth Circuit.

March 13, 1939.

James W. Morris, Asst. Atty. Gen., Sewall Key, Norman D. Keller, S. Dee Hanson, Arnold Raum, and Harry Marselli, Sp. Assts. to Atty. Gen., and Carl C. Donaugh, U. S. Atty., and J. Mason Dillard, Asst. U. S. Atty., both of Portland, Or., for appellant.

A. E. Reames, of Medford, Or., for appellee.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

The question presented is whether a claim for refund of an amount paid by appellee to cover an illegal assessment of an income tax must be filed within two years after the amount was paid, as pro-

*Mandate modified — F.2d —.

vided in § 322(b) (1) of the Revenue Act of 1928, 26 U.S.C.A. § 322 note, or whether it may be filed within four years after the amount was paid, as provided in Rev. St. § 3228, as amended by § 1112 of the Revenue Act of 1926, 26 U.S.C.A. § 1433. The court below decided that the latter statute was applicable.

During all times material herein, appellee was a cooperative association exempt from taxation by § 103(12) of the Revenue Act of 1928, 26 U.S.C.A. § 103 note. For the taxable year ending May 31, 1928, appellant assessed appellee $2,079.21, for a tax on its income. Appellee paid the tax, making the last payment thereon on May 4, 1929. Appellant also assessed appellee $6,187.33 for a tax on its income for the taxable year ending May 31, 1929. Appellee paid that tax, making the last payment thereon, on May 3, 1930.

On January 23, 1931, appellee made application to appellant for a redetermination that it was exempt from taxation, which application was denied on March 30, 1931, but such ruling was revoked on April 21, 1932, when it was determined that appellee was entitled to the exemption. On May 28, 1932 appellee filed a claim for repayment of the first year's taxes paid by it, and also filed a claim for the second year's taxes paid by it.

Thereafter, the claims were denied on the ground that the claims had not been filed within two years after the last installments of the taxes, and were therefore barred under the provisions of § 322(b) (1) of the Revenue Act of 1928. Appellee protested the rulings, but the same were adhered to then, and again after a subsequent protest by appellee. Thereafter, appellee filed this action to recover the taxes paid for both years.

From the judgment rendered against him, appellant brought this appeal. Appellee subsequently moved to strike the bill of exceptions and to dismiss the appeal. On October 29, 1937, we denied the first motion and granted the second. On petition of appellant we granted a rehearing on the ground that the requirement that a claim be filed within the time specified in the statute was jurisdictional, and that unless that requirement was met by the taxpayer, the court must dismiss for want of jurisdiction. See United States v. Chicago Golf Club, 7 Cir., 84 F.2d 914, 917, 106 A.L.R. 209.

Solution of the question is found by an analysis of the previous statutes enacted.

Rev.St. § 3226, 26 U.S.C.A. §§ 1672–1673 note, provided in part: "No suit shall be maintained in any court for the recovery of any internal tax alleged to have been erroneously or illegally assessed or collected * * * or of any sum alleged to have been excessive or in any manner wrongfully collected, until appeal shall have been duly made to the Commissioner of [the][1] Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof, and a decision of the Commissioner has been had therein: Provided, That if such decision is delayed more than six months from the date of such appeal, then the said suit may be brought, without first having a decision of the Commissioner at any time within the period limited in the next section."

Rev.St. § 3227 provided in part: "No suit or proceeding for the recovery of any internal tax alleged to have been erroneously or illegally assessed or collected * * * or of any sum alleged to have been excessive or in any manner wrongfully collected, shall be maintained in any court, unless the same is brought within two years next after the cause of action accrued: Provided * * * that where any such claim was pending before the Commissioner, as provided in the preceding section, an action thereon may be brought within one year after such decision and not after. * * *"

Rev.St. § 3228 provided in part: "All claims for the refunding of any internal tax alleged to have been erroneously or illegally assessed or collected * * * or of any sum alleged to have been excessive or in any manner wrongfully collected, must be presented to the Commissioner of Internal Revenue within two years next after the cause of action accrued * * *."

The effect of these statutes, briefly summarized, was: a person could not maintain an action to recover either an "overpayment" of a tax or other amount, unless (1) he made a claim for refund (which constituted an appeal) (§ 3226)

[1] The word "the" shown in brackets was stricken by the Act of Feb. 27, 1877, 19 Stat. 240, 248.

within two years after payment of the tax or other amount (§ 3228); (2) a decision was made by the Commissioner with respect to the claim for refund, except if such decision was delayed more than six months (§ 3226); and (3) such action was brought within two years after payment of the tax or other amount, except where the decision of the Commissioner with respect to the claim for refund was delayed for more than six months, in which case the action could be brought within one year after such decision was made. Stated in other words, a person could not sue to recover either an "overpayment" of a tax or other amount, unless he made a claim for refund (§ 3226) within two years after payment of such tax or other amount (§ 3228); if decision on the claim was made by the Commissioner within six months after presentment of the claim, then the person must sue, after such decision, and within two years from the date of payment; but if such decision was delayed for more than six months after presentment, then such person could sue either after expiration of such six months' period and within two years from the date of payment, or within one year after decision was made.

The law remained unchanged until enactment of the Revenue Act of 1916 (Act of Sept. 8, 1916, Ch. 463, 39 Stat. 756). By § 14(a) of that act, which is found under "Title I.—Income Tax", "Part II.—On Corporations", subdivision entitled "Assessment and Administration", it was provided in part: "* * * upon the examination of any return of income made pursuant to this title, the Act of August fifth, nineteen hundred and nine * * * and the Act of October third, nineteen hundred and thirteen * * * if it shall appear that amounts of tax have been paid in excess of those properly due, the taxpayer shall be permitted to present a claim for refund thereof notwithstanding the provisions of section thirty-two hundred and twenty-eight of the Revised Statutes."

Regarding this provision the Conference Committee report states: "This amendment provides that if an amount in excess of the amount properly due under an income-tax return * * * has been paid into the Treasury, a refund may be had of the excess amount paid, notwithstanding the provision of section 3228 of the Revised Statutes; and the House re-

cedes * * *". Seidman's Legislative History of Federal Income Tax Laws 982. Regulations 33 (Revised) promulgated under the Revenue Act of 1916 contain nothing which throws any light on the question, except Art. 271 which provided: "In no case should the collector refuse to forward a claim [to the commissioner] for the reason that it was not presented to him within two years after payment of tax."

The effect of § 14(a) of the 1916 act was to remove any limitation of time within which claims for refund might be filed, where "amounts of tax have been paid in excess of those properly due". That the provision in the 1916 act was not applicable to those exempt from tax is suggested by the fact that it refers to an "examination of any return of income". Returns were required only from the corporations or associations which were "subject to the tax herein imposed" (§ 13(b)) and exempt corporations were not required to file a return. Reg. 33 (Revised), Art. 203.

The Revenue Act of 1918 (Act of Feb. 24, 1919, 40 Stat. 1057) in "Title II.—Income Tax" "Part IV.—Administrative Provisions" under subheading "Refunds" provided: "Sec. 252. That if, upon examination of any return of income made pursuant to this Act, the Act of August 5, 1909 * * * the Act of October 3, 1913 * * * the Revenue Act of 1916, as amended, or the Revenue Act of 1917, it appears that an amount of income * * * tax has been paid in excess of that properly due, then, notwithstanding the provisions of section 3228 of the Revised Statutes, the amount of the excess shall be credited against any income * * * taxes, or installment thereof, then due from the taxpayer under any other return, and any balance of such excess shall be immediately refunded to the taxpayer: Provided, That no such credit or refund shall be allowed or made after five years from the date when the return was due, unless before the expiration of such five years a claim therefor is filed by the taxpayer."

At the same time, § 14(a) of the 1916 act was repealed. § 1400(a).

The legislative history of the foregoing provision discloses nothing except that such provision placed a limitation of five years within which "claims for credits or refund of income" might be filed. Seid-

man supra, 938. Regulations 45, promulgated under the 1918 act, provided in Art. 1037: "No suit shall be maintained in any court for the recovery of any tax alleged to have been erroneously or illegally assessed or collected * * * until an appeal by a claim for credit or refund shall have been duly made to the Commissioner and a decision of the Commissioner has been had therein, unless such decision is delayed more than six months. The cause of action accrues upon an unfavorable decision by the Commissioner or at the expiration of six months after an appeal without action thereon, and no suit may be brought after two years from the time the cause of action accrued * * *".

It is doubtful that the regulation quoted was valid. With respect to a person who paid "an amount of income * * * tax * * * in excess of that properly due", to recover the same he must file a claim within five years from the date the return was due, and suit could be brought within one year after decision upon the claim. The statute so affirmed. The regulation is based on an erroneous interpretation of when the cause of action accrued under § 3227. It was said that the cause of action accrued after submission of a claim for refund, but reference to § 3228 shows that a "claim for refund" must be filed within a specified time after the "cause of action accrued". Manifestly, such time did not commence to run from the time of decision on a "claim" which had not been filed.

Here, it is clearer that § 252 applied only to taxpayers required to file returns, because the proviso prohibited refunds after five years from the date "when the return was due". Only corporations "subject to taxation" were required to file returns (§ 239), and exempt corporations were not required to file returns. Reg. 45, Art. 621.

The Revenue Act of 1921 (Act of Nov. 23, 1921, 42 Stat. 227) repealed § 252 of the 1918 act, § 1400(a). However, by § 252 it re-enacted the former provision, thus extending five years from the time the returns were due within which a claim for "an amount of income * * * tax * * paid in excess of that properly due" might be filed. In "Title XIII.—General Administrative Provisions" under subheading "Refunds" § 1316 amended Rev.St. § 3228 to read: "All claims for the refunding or crediting of any internal revenue tax

alleged to have been erroneously or illegally assessed or collected * * * or of any sum alleged to have been excessive or in any manner wrongfully collected, must be presented to the Commissioner of Internal Revenue within four years next after payment of such tax * * * or sum."

Under subheading "Limitations Upon Suits and Prosecutions" § 1318 amended Rev.St. § 3226, by adding thereto: "No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the Commissioner renders a decision thereon within that time, nor after the expiration of five years from the date of the payment of such tax * * * or sum." Rev.St. § 3227 was at the same time repealed. § 1319.

The legislative history discloses that the purpose of § 1318 was to provide a definite time "in all cases for instituting suits for the recovery of internal revenue taxes alleged to have been erroneously or illegally assessed or collected". Seidman, supra, 889. Article 1050 of Regulations 62 promulgated under the 1921 act was to the same effect as § 1318, but included the statement: "Under section 3227, which applies to suits instituted prior to the passage of the Revenue Act of 1921, the cause of action accrued upon an unfavorable decision by the Commissioner, or at the expiration of six months after an appeal without action thereon by the Commissioner." This statement is subject to the same criticism previously pointed out with respect to Reg. 45, Art. 1037.

Section 252 of the 1921 act required a claim for credit or refund of "an amount of income * * * tax * * * paid in excess of that properly due" to be filed within five years "from the date when the return was due". By § 1316 of that act "claims for the refunding or crediting of any internal revenue tax alleged to have been erroneously or illegally assessed or collected" as well as other amounts illegally collected must be "presented" within four years after payment of the tax. It can be seen that these statutes are inconsistent, unless § 252 is construed to be applicable only to overpayments of "income, war-profits or excess-profits taxes", and § 1316 is construed to include overpayments of all other taxes and for all amounts illegally collected. That such construction is correct is borne out by the

fact that § 252 applied only to taxpayers required to file returns. Only corporations "subject to taxation" were required to file returns (§ 239(a) and exempt corporations were not required to file returns. Reg. 62, Art. 621. By § 1318 of the 1921 act actions for both classes of refunds were required to be filed within five years after payment of the tax.

The Act of Mar. 4, 1923 (42 Stat. 1504) amended the proviso appearing in § 252 of the 1921 act to read: " * * no such credit or refund shall be allowed or made after five years from the date when the return was due, unless before the expiration of such five years a claim therefor is filed by the taxpayer, or unless before the expiration of two years from the time the tax was paid a claim therefor is filed by the taxpayer * * *."

By § 2 of that act, Rev.St. § 3226, as amended by § 1318 of the 1921 act, was amended by including at the end thereof: "unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates * * *."

Regarding § 2 of the 1923 act, the legislative history discloses that the purpose of such provision was to enable taxpayers to await a determination of their claim before filing action, whereas under the 1921 act, a taxpayer was compelled to file action within five years after payment of the tax even though there had been no decision on his claim for refund. Seidman, supra, 889.

After enactment of the 1923 act, a claim for refund of an overpayment of an income, war-profits, or excess-profits tax, must have been filed within five years after the return was due, or two years from the time the tax was paid; claims for overpayment of other taxes, or for all amounts illegally collected must have been filed within four years after payment of such taxes or amounts; and actions to recover both classes of refunds must have been brought within five years after payment of the tax, or within two years after disallowance of the claim. This is substantiated by the fact that the 1923 act was applicable only to taxpayers required to file returns under the 1921 act, and as stated above the latter act did not require exempt corporations to file returns.

The Revenue Act of 1924 (Act of June 2, 1924, 43 Stat. 253) by § 281, appearing under "Title II.—Income Tax" "Part V.—Payment, Collection, and Refund of Tax and Penalties", enacted a provision which had its counterpart in § 252 of the 1921 act, but which was stated in slightly different words under subheading "Credits and Refunds":

"(a) Where there has been an overpayment of any income * * * tax imposed by this Act, the Act * * * approved August 5, 1909, the Act * * * approved October 3, 1913, the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, or the Revenue Act of 1921, or any such Act as amended, the amount of such overpayment shall be credited against any income, war-profits, or excess-profits tax or installment thereof then due from the taxpayer, and any balance of such excess shall be refunded immediately to the taxpayer.

"(b) * * * (1) no such credit or refund shall be allowed or made after four years from the time the tax was paid, unless before the expiration of such four years a claim therefor is filed by the taxpayer * * *."

The legislative history shows that the foregoing provision was "substantially the same as that part of section 252 of the existing law" and that the "date from which the period of limitations runs has been changed from the due date of the return to the date of the payment of the tax" and "Logically the period of limitation should run from the date of payment, since it is at that time that the right accrues". Seidman, supra, 766, 767. Articles 1306 and 1307 of Regulations 65, promulgated under the 1924 act, add nothing to what has been said.

In "Title X.—General Administrative Provisions" under subheading "Refunds" § 1012 reenacted Rev.St. § 3228 as amended by the 1921 act, with a slight change, to read: "All claims for the refunding or crediting of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected * * * or of any sum alleged to have been excessive or in any manner wrongfully collected must, except as provided in section 281 of the Revenue Act of 1924, be presented * * * within four years next after the payment of such tax * * * or sum."

In the same title under the subheading "Limitations Upon Suits And Proceedings By The Taxpayer" § 1014(a) reenacted Rev.St. § 3226 as amended by the 1921 and

1923 acts. By § 1100(a) § 252, § 1316 and § 1318 of the 1921 act were repealed.

It can be seen that the 1924 act merely made certain, what was already apparent, that the limitation of claims for refund of an overpayment of income, war-profits and excess-profits taxes were governed by § 281, while the limitation of claims for refund of an overpayment of all other taxes, and for all amounts illegally collected, were governed by § 1012, for otherwise § 281 would serve no purpose. Actions to recover for claims under either section were subject to the limitations of § 1014 (a). Since the limitation under § 281 and § 1012 was the same period of time, the language of the latter section, i. e., "except as provided in section 281" made it clear that overpayments of income, war-profits or excess-profits taxes were in a different category from other overpayments or amounts illegally collected, as they were in the previous acts, and were governed by § 281.

The Revenue Act of 1926 (Act of Feb. 26, 1926, 44 Stat. 9) still retained the distinction made by the previous acts. By § 1200(a) it repealed § 281, § 1012 and § 1014 of the 1924 act. Section 284, which corresponded to § 281 of the 1924 act, provided that claims for refund of an overpayment of an income, war-profits or excess-profits tax imposed by previous acts must be filed within four years from the time of payment of the tax, and a claim for refund of an overpayment of such a tax imposed by the 1926 Act must be filed within three years from the time of payment of the tax. § 1112 reenacted Rev.St. § 3228 substantially as it appeared, as amended by the 1924 act. It required, as before, claims for refund of an overpayment of tax "except as provided in" § 284, and claims for refund of amounts illegally collected to be filed within four years after payment. § 1113(a) reenacted Rev.St. § 3226 as it appeared after previous amendment without change. Regulations 69, Art. 1305, promulgated under the 1926 act, add nothing.

The Revenue Act of 1928 (Act of May 29, 1928, 45 Stat. 791) continued the distinction previously made. § 322(b) (1) provided a two year limitation on claims for refund of an overpayment of an income, war-profits or excess-profits tax. § 619(c), 26 U.S.C.A. § 1433 note, retained

Rev.St. § 3228 as amended by the 1926 act which provided a limitation on all claims for refund "except as otherwise provided by law in the case of income, war-profits, excess-profits * * * taxes" which exception obviously referred to § 322(b) (1). Regulations 75, Art. 1257, promulgated under the 1928 act, add nothing. Thus, the distinction was continued.

The distinction made had a logical basis. It would take less time to discover errors in returns required to be filed than it would to discover whether persons had correctly considered themselves exempt and not required to file returns at all. In the former case, information was at hand, while in the latter it must be sought.

We think that Rev.St. § 3228 as amended by § 1112 of the Revenue Act of 1926 was applicable to appellee's claim, and that since such claim was filed within four years, the court below had jurisdiction.

The order dismissing the appeal is vacated and the judgment is affirmed.