## GODFREY v. UNITED STATES.

District Court, S. D. New York.

Dec. 12, 1940.

Clark H. Hebner, of New York City, for plaintiff.

John T. Cahill, U. S. Atty. for Southern District of N.Y., of New York City (William J. Sexton, Asst. U. S. Atty., of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

The defendant moves to dismiss the complaint contending that on the face thereof, the suit is barred by a statute of limitations.

The petition seeks to recover certain gift taxes claimed to have been erroneously and illegally collected from the petitioner. A claim for refund was filed with the Commissioner of Internal Revenue and thereafter was rejected by him on the sole ground that the filing of the claim was untimely in that more than three years had elapsed since the payment of the tax. Section 528(a), (b), (1) (2), Revenue Acts of 1932 and 1934, now Section 1027, Internal Revenue Code, 26 U.S.C.A. Int.Rev. Code, § 1027.

The government urges the dismissal of the suit contending that the filing of a claim within the time specified in the above statute was jurisdictional and unless that requirement was met by the taxpayer, the court must dismiss for want of jurisdiction. United States v. Chicago Golf Club, 7 Cir., 84 F.2d 914, 106 A.L.R. 209; Bryan v. United States, D.C., 22 F.Supp. 232, 233; Huntley v. Southern Oregon Sales, Inc., 9 Cir., 102 F.2d 538.

The petitioner argues that the claim for refund which was rejected by the Commissioner of Internal Revenue was timely in that a four year statute of limitations applies in the instant case, rather than the one relied upon by the government. Revised Statutes, Section 3228(a), now Section 3313, Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3313.

The three year statute of limitations as contended by the government deals with "an overpayment of any tax imposed by this chapter," whereas the four year statute of limitations, as contended by petitioner, governs claims for the refunding of any internal revenue tax "erroneously or illegally assessed * * * or in any manner wrongfully collected."

The background of this litigation shows that the deficiency which was assessed against the petitioner by the Commissioner of Internal Revenue was predicated upon a new departmental regulation which was given a retroactive effect so as to affect the petitioner. It is the legality of this retroactive assessment which is in issue. The claim therefore is not for an overpayment but rather for an illegal and erroneous assessment.

After careful consideration, I have come to the conclusion that the four year statute of limitations applies and that the claim filed by the petitioner was timely. For an exhaustive analysis of the limitation statutes comparable to the ones at bar, see Huntley v. Southern Oregon Sales, Inc., 9 Cir., 102 F.2d 538. The motion is denied.