Harry SILVERMAN, t/a Dry Syrup Company of America, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 5982.

United States District Court
M. D. Pennsylvania.

April 24, 1959.

Martin D. Cohn, of Laputka, Bayless, Ecker & Cohn, Hazleton, Pa., for plaintiff.

Robert J. Hourigan, Asst. U. S. Atty., Scranton, Pa., for defendant.

WATSON, District Judge.

Plaintiff has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C., and defendant has filed a motion to dismiss plaintiff's complaint with prejudice.

This action was started by plaintiff to recover certain taxes paid on distilled spirits used in the manufacture of non-beverage products. Such recovery is provided for in Section 3250($l$) (5) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3250($l$) (5). The Code provides that applications for drawback must be filed within a three-month limitation period. Plaintiff has alleged that he did file within the three-month period and defendant has based its motion to dismiss upon the ground that plaintiff did not timely file his claim for refund.

On Tuesday, June 29, 1954, one day prior to the last day permitted by the three-month limitation provisions of Section 3250($l$) (5) of the 1939 Code, taxpayer mailed the claim for refund to the appropriate office of the Assistant Regional Commissioner, Alcohol and Tobacco Tax, in Philadelphia, Pennsylvania. The envelope in which the claim was transmitted bore the postmark "Hazleton, Pa. Jun 29 11:30 PM 1954". On the face of the claim for drawback in the block designated "(Date Received)" there appears in circular form in red

stamping ink the following: "Rec'd 9:00 Jul 1 1954 Asst. Reg. Commissioner Alcohol & Tobacco Philadelphia".

The taxpayer's claim for drawback was denied by the Internal Revenue Service for the reason that it had not been received on or before June 30, 1954, or within three months next succeeding the quarterly period covered by the claim, as required by the Code. Affidavits filed by clerks in the Mail and Files Unit of the Office of the Assistant Regional Commissioner, Alcohol and Tobacco Tax, Philadelphia, Pennsylvania, and Exhibits D-1 and D-2, which were filed in support of defendant's motion to dismiss, show that taxpayer's claim for drawback was received on July 1, 1954, which date was without the three-month limitation.

It is plaintiff's contention that the date of mailing is here controlling and that since the envelope bears a date of post-mark which is within the three-month limitation, he has filed within that period. Defendant contends that the time when the claim is received at the appropriate office alone controls.

■■ The courts have been almost unanimous in holding that the provisions of the internal revenue laws prescribing the period of time for filing claims are jurisdictional in nature. United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025; United States v. Chicago Golf Club, 7 Cir., 84 F.2d 914, 106 A.L.R. 209. The courts have stated that the time within which a claim must be presented are not statutes of limitations as generally understood but are conditions under which the United States has consented to be sued. The burden is therefore upon the plaintiff to show that he has met the requirements.

■ In United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897, the court held that a claim is not filed at the time of its deposit in the United States mail but only when it is received by the proper office.

■ The Court believes that the instant case falls squarely within the Lombardo case. It is clear that under the law enunciated in some cases that the plaintiff would have filed a timely claim had his failure to file been attributable to some affirmative action on the part of the government which prevented such filing. Jacobs Pharmacy Co. v. United States, D.C.N.D.Ga., 71 F.Supp. 584, and Borden Co. v. United States, D.C.N.J., 134 F.Supp. 387. However, in this case, failure to file timely was due to plaintiff's failure to take the proper steps to ensure that his claim would reach the proper office within the specified time limit.

The Court believes that plaintiff did fail to file a timely claim for drawback as provided in the Internal Revenue Code and, therefore, this Court is without jurisdiction as alleged in defendant's motion to dismiss.

An appropriate order will be filed granting defendant's motion to dismiss and judgment will be entered for defendant on plaintiff's motion for summary judgment.