Moss, Judge,
delivered the opinion of the court:
On June 16, 1919, plaintiff filed its income-tax return for the year 1918 and paid the tax"'shown to be due, amounting to $3,008.03. On the 14th day of March, 1924, plaintiff filed a claim for the refund of said sum, setting forth the grounds as follows:
“ Taxpaj^er’s 1918 return has not yet been audited by the commissioner at Washington, D. C., but it appears from agreements reached in conference with representatives of the Bureau of Internal Revenue relative to depreciation and depletion that its 1918 taxes have been overpaid and that a refund is due. This claim is filed in order to protect taxpayer’s rights under sections 252 and 1324 of the revenue act of 192i, because the right to claim refunds for 1918 will soon be barred by the statute of limitations.”
The claim for refund was allowed to the extent of $126.08, which was paid. In March, 1920, plaintiff filed its income-tax return for the year 1919, which showed no taxable income, but a net loss of $4,891.15, as alleged by plaintiff; $3,331.15, as computed by defendant. On May 13, 1925, plaintiff, in a letter to the Commissioner of Internal Revenue, called attention to the fact that in arriving at the taxable income for 1918 the commissioner had not deducted the net loss for 1919, and requested a recomputation of *57 plaintiff’s tax liability and a further refund of $586.94. Upon the refusal of the commissioner to grant plaintiff’s request plaintiff instituted this action to recover said sum.
No claim for refund was ever' filed by plaintiff other than the claim hereinabove set forth. The transactions out of which the claim sued on arose had transpired prior to the filing in 1924 of the claim for refund, and there was no mention of a claim on account of net loss in 1919. The claim merely stated that agreements had been reached by the taxpayer with the Government relative to depreciation and depletion, that its 1918 taxes had been overpaid, and that a refund was due. This claim, referring only to the question of depreciation and depletion, was duly considered and in part allowed. The first mention of the claim which constitutes the basis of this action was in the letter of May 18, 1925.
The purpose of requiring claims for refund as a condition precedent to the institution of an action to recover for taxes illegally or erroneously collected was to afford an opportunity for the bureau officials to correct errors arising through their own mistakes. Not until the Commissioner of Internal Revenue has been presented with a claim bringing to his attention the errors complained of, and has rejected same, or has allowed six months to elapse without taking action thereon, can the taxpayer invoke the aid of the courts. The mere showing of a net loss for the j?ear 1919 is not sufficient. Plaintiff should have presented a claim for refund, stating its grounds therefor. There is no legal relation between the claim filed in 1924, as a claim for refund, and the claim which constitutes the basis of this action. While it has been held that the form of the claim for refund is not essential, there has been no deviation from the well-established rule that the aggrieved taxpayer must assert his right to a refund by an application to the commissioner containing the grounds upon which he relies for such recovery before he will be permitted to bring an action for same. See Rock Island, Arkansas & Louisiana Railroad Company v. United States, 254 U. S. 141, and cases cited therein. The question involved in this case presents an apt example for the application of the somewhat epigrammatic language of *58 Mr. Justice Holmes in the Rode Island case, “ Men must turn square corners when they deal with the Government. If it attaches even purely formal conditions to its consent to be sued its conditions must be complied with.” The petition will be dismissed, and it is so ordered.
GREEN, Judge; Graham, Judge; and Booth, Chief Justice, concur.