**INTERNATIONAL ARMS & FUZE CO., Inc., v. UNITED STATES.**

Court of Claims. February 10, 1930.

No. K-266.

! . Leland T. Atherton, of New York City, for plaintiff.

G. H. Foster, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen., for defendant.

WILLIAMS, Judge. The plaintiff, a corporation organized and existing under and by virtue of the statutes of Maine, having its main office at No. 511 Fifth avenue, borough of Manhattan, city and state of New York, sues to recover manufacturer's munitions taxes for the year 1916, amounting to $185,-151.28, paid by its predecessor, the International Arms & Fuze Company, Inc., a New York corporation, with which plaintiff was legally merged on or about December 29, 1917.

The case is submitted on a demurrer to the petition, which states the facts to be:

On the 28th day of February, 1917, plaintiff's predecessor filed with the Commissioner of Internal Revenue for the calendar year 1916, a return as a manufacturer of munitions. This return disclosed a net operating loss and consequently no tax liability. On May 22, 1917, representatives of the Commissioner of Internal Revenue examined the plaintiff's accounts. The Commissioner of Internal Revenue, acting upon the report and recommendations of said agents, assessed a munitions manufacturer's tax of $185,151.-28 against the plaintiff. Said assessment arose out of the fact, among others, that the commissioner did not allow any deduction from gross income for the amortization of the cost of contracts from which plaintiff secured a large gross income. On August 17, 1917, the said assessment was paid under protest. Thereafter about April or May, 1919, while another agent was examining plaintiff's books and accounts, the comptroller of the plaintiff corporation, Mr. Watson, demanded of said agent that the said munitions tax heretofore paid be refunded to the plaintiff. By letter dated June 27, 1919 (Exhibit A of the petition), with reference to the 1917 income and excess profits tax return of the plaintiff, plaintiff stated, in reference to its proper invested capital for the year 1917, that the same contracts out of which the manufacturer had made large profits had been acquired at a cost to the company, and "as a matter of fact the cost of acquiring these contracts, in our opinion, should be considered as a proper deduction from income during the period wherein these contracts were fulfilled."

Again during the calendar year 1920 the comptroller of the plaintiff called the attention of another revenue agent to the fact that the cost of acquiring a munition contract should have been deducted in determining the corporations' income, subject to the munitions tax for the year 1916, and insisted upon the said agent communicating to the Commissioner of Internal Revenue plaintiff's claim for the refund of said munitions manufacturer's tax paid for the year 1916. It is alleged that this agent promised to see that the claim for refund for such amount would be given consideration upon his return to Washington, D. C. In May, 1921, this comptroller resigned from plaintiff's organization, and the fact that these oral claims to the said agents had been made was not discovered by the plaintiff until some time during the year 1926. Thereafter, on July 27, 1926, the plaintiff filed a written claim on form 843 for the refund of the said sum of $185,151.-28 in duplicate with the collector of internal revenue, New York, and with the Commissioner of Internal Revenue at Washington, D. C. A copy of said claim is attached to the petition as Exhibit B, and therein reference is made to the oral statements made by the comptroller to the various revenue agents.

On June 7, 1927, the claim for refund was rejected by the Commissioner of Internal Revenue on the ground that no proper claim for refund had been filed within the statutory period of four years from the date of the payment of the tax. Under date of November 23, 1927, the Commissioner of Internal Revenue was advised by the plaintiff of the existence of the letter of June 27, 1919, and plaintiff then claimed that said letter of June 27, 1919, constituted an informal claim for refund, which was perfected by the formal claim filed July 27, 1926. This was likewise rejected by the Commissioner, and thereafter, on April 16, 1929, the plaintiff filed another written claim on form 843 for the refund of these taxes, and on May 21, 1929, the Commissioner rejected this latter claim, denying that the said letter constituted an informal claim for the refund of the tax for the year 1916. This suit was brought June 25, 1929.

Two issues of law are raised by the demurrer: (1) Is plaintiff's claim of a kind that is required by law (section 3228, U. S.

Revised Statutes [26 USCA § 157]) to be filed with the Commissioner of Internal Revenue within four years from the date the tax was paid; and (2) if so, was the plaintiff's letter of June 27, 1919, referred to as Exhibit A in plaintiff's petition, in a form that constituted the filing of an informal claim for refund within the requirements of section 3228 of the Revised Statutes?

Sections 3220, 3226, and 3228 of the Revised Statutes (26 USCA §§ 149, 156, 157) contain the general provisions of the tax laws applicable to the refunding of income and profits taxes.

Section 3220. "Except as otherwise provided by law in the case of income, war-profits, excess-profits, estate, and gift taxes, the Commissioner of Internal Revenue, subject to regulations prescribed by the Secretary of the Treasury, is authorized to remit, refund, and pay back all taxes erroneously or illegally assessed or collected, all penalties collected without authority, and all taxes that appear to be unjustly assessed or excessive in amount, or in any manner wrongfully collected. * * * "

Section 3226. "No suit or proceeding shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof; but such suit or proceeding may be maintained, whether or not such tax, penalty, or sum has been paid under protest or duress. * * * "

Section 3228. "(a) All claims for the refunding or crediting of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty alleged to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected must, except as otherwise provided by law in the case of income, war-profits, excess-profits, estate, and gift taxes, be presented to the Commissioner of Internal Revenue within four years next after the payment of such tax, penalty, or sum."

The plaintiff contends that, since section 3220 of the Revised Statutes enumerates "taxes unjustly assessed" as a distinct class

of taxes which the Commissioner of Internal Revenue is authorized to refund, and that such distinctive class ("taxes unjustly assessed") not being enumerated in section 3228 of the Revised Statutes, which requires claims for refund to be presented to the Commissioner within four years of the date of payment, taxes "unjustly assessed" are excluded from the statutory bar provided in said section 3228.

The claims for refund to which the statutory bar of section 3228 applies are: (1) Any internal revenue tax erroneously assessed or collected; (2) any internal revenue tax illegally assessed; (3) any penalty collected without authority; (4) any sum alleged to be excessive; (5) any sum in any manner wrongfully collected.

Plaintiff claims that its taxes are "taxes unjustly assessed," and do not come within any of the classes of taxes enumerated in section 3228 of the Revised Statutes for which claim for refund must be filed within the four-year period, and that consequently there is no limitation that bars the presentation of its claim for refund at any time after payment, and that the Commissioner wrongfully rejected its claim for refund, filed on July 27, 1926.

The claim for refund is based wholly on the Commissioner's refusal to deduct from plaintiff's gross income, in the computation of its net income for the year, an item representing the cost to plaintiff of obtaining the munitions contract, out of which its profits were made.

The computation of a taxpayer's taxable income is a necessary and inseparable part of the assessment. A taxpayer is entitled to have his income correctly and legally determined. Assuming plaintiff was entitled to the deduction claimed, and which the Commissioner refused to allow, the computation of his net taxable income was not correctly made. The amount ascertained was erroneous, and the taxes assessed thereon are "taxes erroneously assessed."

Erroneous is defined in the Standard Dictionary as meaning, "marked by error; characterized by wrong or false views or principles; not true or just; incorrect; mistaken."

Undoubtedly taxes assessed on an erroneous income would be "marked by error," would not be "true or just." They would be "incorrect" and "mistaken."

We think they would be "taxes erroneously assessed" within the meaning of that clas-

sification of taxes enumerated in section 3228 of the Revised Statutes.

The Revenue Act of 1916 distinctly and particularly enumerates the items plaintiff is entitled to have deducted in computing its net income subject to the munitions taxes.

■ If the Commissioner refused, as alleged, to allow plaintiff a deduction to which it was allowed under the law, its taxable income was not determined in accordance with the law. The computation of its income was not legally made, and we think the taxes thereon are "taxes illegally assessed," and come within the provisions of section 3228 of the Revised Statutes.

Illegally is defined by the Standard Dictionary as meaning, "not according to law."

Taxes are either legally assessed or they are illegally assessed. When the assessment is made according to law, they are legally assessed. When not so made, they are illegally assessed.

Again, if plaintiff's contention is correct, his taxable income as computed was greater than it should have been to the extent of the amount of the deduction wrongfully denied him. His taxable income as determined by the Commissioner was excessive, and the taxes computed thereon are excessive and were wrongfully collected, and, under the provisions of section 3228, are a kind of taxes requiring claim for refund to be filed within four years next after the date of payment.

We think, therefore, the taxes which plaintiff seeks to recover in this suit, are of a kind that requires claim for refund to be filed with the Commissioner within four years next after the date of payment, as provided in section 3228 of the Revised Statutes.

In further support of the sufficiency of its petition, the plaintiff urges that, even if its claim is of a kind that is required by law to be filed with the Commissioner within four years from the date the taxes were paid, its letter of June 27, 1919 (Exhibit A), constituted the filing of an informal claim for refund within the meaning of the requirements of section 3228, Revised Statutes.

At the time plaintiff wrote the letter of June 27, 1919, its books were being audited by agents of the Internal Revenue Bureau with reference to its 1917 income and profits tax returns. Plaintiff in its 1917 return made certain large deductions which agents of the Bureau of Internal Revenue, on an examination of its books, recommended to the Commissioner be disallowed.

One of the deductions made by plaintiff was the identical item refused by the Commissioner in plaintiff's 1916 return, to wit, the cost to plaintiff in procuring its munitions contracts in the year 1916. Plaintiff claimed the cost of procuring these contracts, which the Commissioner refused to allow as a deduction from its gross income for the year 1916, should be considered as invested capital in computing its taxable income for 1917.

The agents of the Internal Revenue Bureau auditing plaintiff's books informed it that this claim and certain other deductions claimed by plaintiff in its 1917 return would be disallowed.

On receiving this information, plaintiff wrote the letter of June 27, 1919, to the Commissioner. There is not the slightest reference in the letter to plaintiff's 1916 munition taxes.

The letter discusses in detail the various deductions claimed in its 1917 return, and expresses the views of the plaintiff as to why they should be allowed. But the year 1916, or plaintiff's taxes for that year, are nowhere mentioned.

Plaintiff in its brief (page 67) says: "It is true its letter of June 27, 1919, refers to an audit of plaintiff's 1917 income tax and consolidated excess profits tax return, and does not specifically mention its munitions tax return for 1916 eo nomine. But, it is also true that the statement in paragraph (e) of its letter that 'as a matter of fact the cost of acquiring these contracts, in our opinion, should be considered as a proper deduction from income during the period wherein these contracts were fulfilled' did not relate to the year 1917, but necessarily referred to the year 1916, because the only contracts which it had purchased were fulfilled in 1916."

The plaintiff claims the statement made in paragraph (e) of its letter, wherein it was urging that the cost of procuring its munitions contracts be included in its 1917 returns as a part of its capital investment, constituted an informal claim for refund of its munitions taxes for the year 1916.

■ Even if the language relied on by plaintiff could by any reasonable construction be held to refer to its munitions taxes for the year 1916, it falls far short, in our opinion, of being an informal claim for refund of such taxes. There is no suggestion that a refund be made of its taxes. At most, it seems, it can be only considered as a reiteration of the plaintiff's opinion that it should have been

allowed the deduction refused by the Commissioner in the computation of its tax liability for the year 1916.

In Feather River Lumber Co. v. United States, 66 Ct. Cl. 54, this court said: "While it has been held that the form of the claim for refund is not essential, there has been no deviation from the well-established rule that the aggrieved taxpayer must assert his right to a refund by an application to the commissioner containing the grounds upon which he relies for such recovery before he will be permitted to bring an action for same. See Rock Island, Arkansas & Louisiana Railroad Company v. United States, 254 U. S. 141 [41 S. Ct. 55, 65 L. Ed. 188], and cases cited therein."

It is the opinion of the court that plaintiff's letter of June 27, 1919, does not constitute an informal claim for a refund of its 1916 munitions taxes within the meaning of the requirements of section 3228 of the Revised Statutes; neither do the oral demands made by plaintiff's Comptroller in 1919 and 1920 to agents of the Internal Revenue Bureau who were auditing plaintiff's books that the Commissioner of Internal Revenue refund plaintiff's munitions taxes for the year 1916, and a promise of one of these agents that he would take the matter up with the Commissioner on his return to Washington constitute an informal claim for refund. The claim must be presented to the Commissioner. Auditors and field agents of the Bureau are not proper agencies with whom claims for a refund of taxes can be presented.

Such claims must be presented to the Commissioner, within the time provided by law.

Plaintiff's letter of June 27, 1919, not constituting an informal claim for refund, the formal claim for refund filed by plaintiff with the Commissioner on July 27, 1926, on form 843, must be considered an original claim. It was properly rejected by the Commissioner.

Claim for a refund of its 1916 munitions taxes not having been filed with the Commissioner of Internal Revenue within four years next after the payment of such taxes, plaintiff's suit under section 3226 of the Revised Statutes cannot be maintained.

The demurrer is therefore sustained, and plaintiff's petition will be dismissed. It is so ordered.

BOOTH, Chief Justice, and LITTLETON and GREEN, Judges, concur.