## OLSEN v. UNITED STATES.

### No. 360–H.

District Court, S. D. California, Central Division.

March 19, 1940.

Ben Harrison, U. S. Atty., of Los Angeles, Cal., for the Government.

Claude I. Parker, of Los Angeles, Cal., for plaintiff.

HOLLZER, District Judge.

It appearing that plaintiff and her husband, assuming that all income and deductions for the calendar year 1930 were community income and deductions, each filed separate Federal Income Tax Returns for that calendar year on March 14, 1931, that in said Income Tax Returns plaintiff and her husband each reported one-half of what in law and in fact constituted the separate income and deductions of the husband, and each paid the amount of tax disclosed by said returns, that the income and deductions thus reported were not in fact community income or deductions, but were treated and reported as such in said returns, that plaintiff had had no income, gross or otherwise, and was entitled to no deductions for said calendar year and owed no income tax for that year; and

It further appearing that, acting upon the erroneous assumption hereinbefore mentioned, plaintiff on April 8, 1932, filed with the Collector of Internal Revenue for the proper District a claim for refund for the alleged reason that error had been committed in computing the credit allowable to her on account of earned income, that said claim was disallowed, that thereafter and on or about September 30, 1932, an agent of the Internal Revenue Department notified plaintiff that said Department had decided that she had had no income, gross or otherwise, for the calendar year 1930 and owed no income tax for that year, but that on the contrary the entire income reported by plaintiff and her husband for that year constituted the separate income of her husband; and

It further appearing that on or about November 23, 1932, plaintiff notified said Internal Revenue Agent that she objected to said decision and requested a hearing thereon; and

It further appearing that thereafter, to-wit, on June 30, 1933, plaintiff filed with the Collector of Internal Revenue for the proper District a claim for the refund of the entire income tax she had paid for the calendar year 1930, and which the Department of Internal Revenue had decided had been erroneously paid by her, it being alleged in said claim that she was filing the same without prejudice of her rights for the purpose of safeguarding her interests in the event of adverse decision with respect to her previously filed claim, that thereafter and in accordance with a decision of the United States Board of Tax Appeals rendered April 21, 1937, plaintiff's husband's reported income and deductions for the calendar year 1930 were revised to include the income and deductions originally reported by plaintiff and he paid the additional tax resulting therefrom; and

It further appearing that thereafter, to-wit, on May 27, 1937, the Commissioner of Internal Revenue rejected plaintiff's claim for refund filed on June 30, 1933, and gave in substance as his reasons for said rejection, the following, to-wit:

That her claim filed April 8, 1932, was based upon the contention that she was entitled to a certain earned income credit for the year 1930, whereas the total income and deductions reported on her return were the separate income and deductions of her husband and hence, she having had no income, there could be no tax liability nor any credit for earned income allowable to her; that as to her claim for the refund of the purported income tax she had paid for the calendar year 1930, and which the Department of Internal Revenue had de-

cided had been erroneously paid by her, since the last installment of said tax had been paid by her on June 15, 1931, and since she had filed said claim for refund more than two years after the latter date, the recovery of the same was barred by the provisions of Section 322(b) (1) of the Revenue Act of 1928, 26 U.S.C.A.Int.Rev. Acts:

The Court concludes that no income tax return was required to be filed by plaintiff for the calendar year 1930, that the moneys paid by her as a purported income tax for that year were erroneously and illegally assessed and collected, that the time for filing a claim for the refunding of said moneys is fixed by the provisions of Section 3228(a) of the Revised Statutes of the United States, 26 U.S.C.A.Int.Rev.Code, § 3313, that accordingly the time thus fixed is the period of four years, and that plaintiff having filed her claim within the latter period is entitled to judgment herein. See Huntley v. Southern Oregon Sales Inc., 9 Cir., 102 F.2d 538.