### WARD v. UNITED STATES.

Civ. A. No. 350.

District Court, W. D. Arkansas, Fort Smith, Arkansas.

Sept. 17, 1943.

Daily & Woods, of Fort Smith, Ark., for plaintiff.

C. R. Barry, U. S. Dist. Atty., and Nelson H. Sadler, Asst. U. S. Dist. Atty., both of Fort Smith, Ark., for defendant.

MILLER, District Judge.

The court makes and files the following findings of fact and the following conclusions of law:

### Findings of Fact.

1. James A. Ward, Jr., died on April 27, 1936. He was survived by his widow, Cornelia A. Ward (Mrs. James A. Ward, Jr.), and by three children, Miriam Ward Greenough, Evelyn Ward Robertson, and the plaintiff, James A. Ward III. James A. Ward III qualified and acted as executor of his estate. His widow elected to take dower.

2. Decedent at the time of his death was the owner of 1297.5 shares of common stock in Ward Furniture Manufacturing Company, which, with other collateral, he had pledged to the First National Bank of Fort Smith to secure a note of over $100,000.

3. By the summer of 1937 all other assets of the estate except said stock had been exhausted and the debts due other creditors had been paid by the estate, either by the sale of assets or the application of security, except a few small personal bills of decedent paid by his widow out of her personal funds, and the debt of the First National Bank of Fort Smith, through the application of other security, had been reduced to the principal amount of $48,426.-54, plus several thousand dollars of back interest.

4. The Bank was pressing for payment and was in position to demand same. The previous history of the company was such that there was no ready market value for the 1297.5 shares of stock and there was doubt whether at forced sale it would sell for more than the Bank's debt. This stock, however, had a book value of around $125,000, and plaintiff regarded this as its intrinsic value.

5. The Bank at this point proposed to plaintiff that if he would facilitate the Bank's acquiring title to the stock that the Bank in turn would then sell the stock to plaintiff for the face of the balance due on the father's note, $48,426.54, plus $1,660 adjusted back interest on the father's note. The Bank required that the $1,660 be paid in cash at once; that the plaintiff execute his note for the $48,426.54; that the stock be reissued to plaintiff and in turn repledged by the plaintiff to the Bank.

6. Thereupon the plaintiff submitted to his mother and sisters the proposal which the Bank had made to him, and pursuant to

agreement between them, Cornelia A. Ward (Mrs. James A. Ward, Jr.) furnished the plaintiff with $553.33 or 1/3 of $1,660, his sister, Miriam Ward Greenough, furnished him with $368.88, or 2/9 of $1,660, and bound themselves to pay the same proportionate amount on the interest of the note, and all agreed to the carrying out of the transaction as proposed by the Bank, but with the agreement that upon consummation of the transaction with the Bank plaintiff should execute and deliver to the mother and sisters the instrument set forth in the next finding of fact.

7. Upon the petition of the executor, joined in by the widow and three children, and pursuant to appropriate court order, the 1297.5 shares of stock in Ward Furniture Manufacturing Company was conveyed to the Bank in satisfaction of its debt. Thereupon the plaintiff on August 2, 1937, executed his note to the First National Bank of Fort Smith for $48,426.54, bearing interest at 4% from date until paid. Certificate for the 1297.5 shares of stock was reissued to plaintiff and was in turn repledged by the plaintiff to the Bank as security for said note. Plaintiff had previously paid to the Bank the $1,660, of which his mother, Cornelia A. Ward (Mrs. James A. Ward, Jr.), had furnished $553.33, and his sister, Miriam Ward Greenough, had furnished $368.88. And pursuant to his previous agreement with them he signed and delivered to each of them an instrument in writing, as follows:

"August Fourth 1937.

Mrs. Cornelia A. Ward
Mrs. Miriam Ward Greenough
Mrs. Evelyn Ward Robertson

I have purchased from The First National Bank of Fort Smith 1297-1/2 shares of common stock of Ward Furniture Manufacturing Company, and have given my individual note to the Bank, dated August 2, 1937, for $48,426.54, bearing interest at four per cent. from date until paid.

Although the note is a short-term note I believe I can arrange to renew same with the Bank from time to time.

Certificates for the shares of stock referred to above have been assigned in blank by me, and have been delivered and pledged to the Bank as security for my note and interest thereon.

Dividends on said stock, if any there are, will be paid on the above note.

Cornelia A. Ward is paying one-third of the interest on said note, and I will hold one-third of said stock in trust for Cornelia A. Ward, and will transfer same to her if and when payments made by her, plus one-third of the dividends on said stock, have paid one-third of said note and interest thereon.

Mrs. Miriam Ward Greenough is paying two-ninths of the interest on said note, and I will hold two-ninths of said stock in trust for Mrs. Miriam Ward Greenough, and will transfer same to her if and when payments made by her, plus two-ninths of the dividends on said stock, have paid two-ninths of said note and interest thereon.

I shall make the same arrangements with Mrs. Evelyn Ward Robertson as to two-ninths of said stock, provided that during the year 1937 she pays up her two-ninths interest on said note.

Yours very truly,
(s) James A. Ward III."

8. In 1938, a dividend of $12,975 was paid on said 1297.5 shares of stock, and this dividend was paid direct to the First National Bank of Fort Smith. In 1939, a dividend of $12,975 was paid on said stock, and this dividend was paid direct to the First National Bank of Fort Smith. Cornelia A. Ward, mother of plaintiff, and Miriam Ward Greenough, sister of plaintiff, continued to pay 1/3 and 2/9 of the interest on said note, as per their agreement. On November 4, 1940, the balance on the $48,426.54 note was paid to the First National Bank of Fort Smith. Said note was marked paid and a certificate for 432½ shares, or 1/3 of the 1297.5 shares, was issued to Cornelia A. Ward; a certificate for 288⅓; or 2/9 of the whole, was issued to Miriam Ward Greenough, and a certificate for 576⅔, or 4/9 of the whole, was issued to James A. Ward III. The final payments to the Bank were made in such amounts that each had paid this proportionate amount of the total debt. The Bank accepted in payment separate notes of the three individuals, which notes were subsequently paid by them. The plaintiff, James A. Ward, in his income tax return for 1938, and also in his income tax return for 1939, reported the entire dividend received by the Bank on said 1297.5 shares of stock in each year, and took credit for the entire amount of interest paid to the Bank in each year on said note. The undisputed evidence shows that if he should have reported only 4/9 of said dividends and should have taken credit for only 4/9 of said interest, then he overassessed and

overpaid $1,501.64 on his 1938 income tax, and $1,643.85 on his 1939 income tax. Plaintiff paid his 1938 income tax in quarterly installments on March 15th, June 15th, September 15th, and December 15th, 1939. Plaintiff paid his 1939 income tax on March 15, 1940.

### Conclusions of Law.

1. The court finds and declares, as a matter of law, that James A. Ward III in his capacity as executor, took legal title to the 1297.5 shares of common stock in Ward Furniture Manufacturing Company involved in this case, but that the beneficial interest therein was vested 1/3 in the widow, Cornelia A. Ward (Mrs. James A. Ward, Jr.); 2/9 in Miriam Ward Greenough; 2/9 in Evelyn Ward Robertson, and 4/9 in James A. Ward III, all subject to the debt owed by James A. Ward, Jr., to the First National Bank of Fort Smith; that James A. Ward III, by reason of his position as executor, was precluded from making any arrangement with the First National Bank of Fort Smith for acquisition of title to said stock by the Bank and repurchase of same by James A. Ward III, without the consent of his mother and two sisters; that said consent was obtained upon the conditions set forth in the letter of August 4, 1937; that the mother, Cornelia A. Ward (Mrs. James A. Ward, Jr.), furnished 1/3 of the down payment and the sister, Miriam Ward Greenough, furnished 2/9 of the down payment; that the said James A. Ward III at all times down until the final performance of the trust agreement, held title to the 1297.5 shares of stock in trust for Cornelia A. Ward, Miriam Ward Greenough and James A. Ward III, in the proportion of 1/3, 2/9 and 4/9; that only 4/9 of the 1938 and 1939 dividend on said stock was income to the said James A. Ward III.

2. The court finds and declares as a matter of law that the plaintiff, James A. Ward III, erroneously assessed and overpaid his 1938 income tax, in the amount of $1,501.64, and is entitled to recover judgment against the United States of America for $1,501.64, with interest at 6% on $375.-41 of this amount from March 15, 1939; on $375.41 of this amount from June 15, 1939; on $375.41 of this amount from September 15, 1939; on $375.41 of this amount from December 15, 1939.

3. The court finds and declares as a matter of law that the plaintiff, James A. Ward III, overassessed and overpaid his 1939 income tax in the sum of $1,643.85;

that he is entitled to recover judgment against the United States of America for $1,643.85, together with interest thereon at the rate of 6% from March 15, 1940.

To each of which findings of fact, and to each of which conclusions of law, and to the judgment of the court, the defendant, at the time, saved its separate and several exceptions.