## UNITED STATES v. THE LEDERER TERMINAL WAREHOUSE COMPANY.

### No. 9474.

Circuit Court of Appeals, Sixth Circuit.

Nov. 30, 1943.

William B. Waldo, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, A. F. Prescott, and Paul S. McMahon, all of Washington, D. C., Don C. Miller and F. B. Kavanagh, both of Cleveland, Ohio, on the brief), for appellant.

Irwin N. Loeser, of Cleveland, Ohio (Mooney, Hahn, Loeser, Keough & Freedheim and Irwin N. Loeser, all of Cleveland, Ohio, on the brief), for appellee.

Before ALLEN, HAMILTON, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

█ The appellee paid a deficiency in its excess profits tax for 1934 assessed by the Commissioner of Internal Revenue on the basis of the original declared value of its capital stock. The Commissioner rejected, as the basis, a higher declared value in an amended capital stock tax return, filed by the taxpayer on August 31, 1934, within the time allowed for filing the original return. This ruling of the Commissioner was unquestionably erroneous; for on January 2, 1940, in resolving a conflict between the decision of the Fifth Circuit Court of Appeals, Haggar Co. v. Helvering, 104 F.2d 24, and the prior decision of this court in Glenn v. Oertel Company, 6 Cir., 97 F.2d 495, the Supreme Court held, in Haggar Company v. Helvering, 308 U.S. 389, 60 S.Ct. 337, 84 L.Ed. 340, that "first return" means a return for the first year in which the taxpayer exercises the privilege of fixing its capital stock value for tax purposes, and *includes a timely amended return* for that year.

On January 2, 1942, the appellee corporation sued the Collector of Internal Revenue in the United States District Court, to recover the amount of the tax erroneously assessed against it by the Commissioner and paid to the Collector. On motion of appellee for summary judgment on the pleadings, the district court

awarded judgment as prayed, less an amount conceded as recoupment, from which judgment the defendant United States of America has appealed to this court.

From the pleadings, it appears that on June 24, 1936, appellee protested in writing the proposed deficiency assessment on the correct grounds that its excess profits tax liability for 1934 should be predicated upon its *amended* capital stock tax return, which, when filed within the permissible time for the filing of a capital stock tax return, was averred to be a "first return" within the meaning of the applicable statute. In his communications to appellee, the Commissioner adhered to his erroneous interpretation. On May 19, 1937, the appellee filed a waiver on the Commissioner's prescribed form, but concurrently notified him in writing that the waiver was filed without prejudice to the rights of the taxpayer to file and prosecute a refund claim, in the event that the principle announced by this court in Glenn v. Oertel Company, supra, should be ultimately affirmed. The Commissioner replied in writing on May 21, 1937, that careful consideration would be given the appellee's communication; and that the corporation would be "further advised relative thereto at the earliest practicable date."

On June 5, 1937, upon being notified of the deficiency assessment, appellee paid the full amount thereof to the Collector of Internal Revenue at Cleveland, Ohio. On March 8, 1940, some two months after announcement of the decision of the Supreme Court in Haggar Company v. Helvering, supra, the appellee filed with the Collector of Internal Revenue its claim for refund on an appropriate Treasury Department form.

The Commissioner of Internal Revenue on April 10, 1940, notified appellee by registered mail of the disallowance and rejection of its claim *on the sole ground that the claim had not been filed within the period of limitation prescribed by law.*

The main debate between the contending parties on this appeal has been whether the applicable statute of limitation is, as was ruled by the Commissioner, Section 322 (b) of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 322 [Section 322 (b) of Revenue Act of 1934][1] or, as was held by the District Court, Section 3313 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3313. [Section 3228 (a) of Revised Statutes as amended by Section 1316, Act of November 23, 1921, 42 Stat. 314, Section 1012 of Revenue Act of 1924, 43 Stat. 342, Section 1112 of Revenue Act of 1926, 44 Stat. 115, Section 619 (c) of Revenue Act of 1928, 45 Stat. 878, and Section 1106 (a) of Revenue Act of 1932, 47 Stat. 287.][2]

The appellant contends that Section 322 of the Internal Revenue Code is the applicable section; that no claim for refund was filed by appellee within three years from the filing of its return, or within two years from the time it paid the tax, and that consequently its claim was barred and the judgment of the District Court should be reversed.

It is deemed unnecessary to settle the issue as to whether, if Section 322 were the applicable statute, there was substan-

---

1 "§ 322. Refunds and credits * * * (b) Limitation on Allowance (1) Period of limitation. Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later. If no return is filed by the taxpayer, then no credit or refund shall be allowed or made after two years from the time the tax was paid, unless before the expiration of such period a claim therefor is filed by the taxpayer."

2 "§ 3313. Period of limitation upon refunds and credits. All claims for the refunding or crediting of any internal revenue tax alleged to have been errone-

ously or illegally assessed or collected, or of any penalty alleged to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected must, except as otherwise provided by law in the case of income, war-profits, excess-profits, estate, and gift taxes, be presented to the Commissioner within four years next after the payment of such tax, penalty, or sum. The amount of the refund (in the case of taxes other than income, war-profits, excess-profits, estate, and gift taxes) shall not exceed the portion of the tax, penalty, or sum paid during the four years immediately preceding the filing of the claim, or if no claim was filed, then during the four years immediately preceding the allowance of the refund.

tial compliance with its requirements by the appellee in making claim for refund (see Kales v. United States, 6 Cir., 115 F.2d 497, affirmed 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132); for, in our view, Section 3313, 26 U.S.C.A. Int.Rev.Code, § 3313) and *not* Section 322 is the controlling statute of limitation in this case.

Inasmuch as the claim for refund was admittedly presented to the Commissioner by the appellee within four years after the payment of the tax, the claim was seasonably made under Section 3313 and the District Court properly entered judgment in favor of the appellee taxpayer.

The conclusion which has been reached is in consonance with Huntley v. Southern Oregon Sales, Inc., 9 Cir., 102 F.2d 538, wherein Judge Haney detailed legislative history pertinent here. See also Olsen v. United States, D.C., 32 F.Supp. 276. The fact that in the cited cases *no tax whatever* was due from the taxpayer while in the instant case *no additional tax was due* is deemed immaterial.

The distinction between the two statutes of limitation, Section 322 and Section 3313, is that the first mentioned is, by its terms, applicable to the *overpayment* of income, war-profits, or excess-profits taxes; while the latter section relates to internal revenue taxes *erroneously or illegally assessed or collected,* or to excessive payments or wrongful collections of all other taxes, except as otherwise provided by law in the matter of income, war-profits, excess-profits, estate and gift taxes. The essential distinction is that Section 322 relates to *mere overpayment,* while Section 3313 properly applies to *erroneous or illegal assessment* and collection.

If two statutes present ambiguities, a reasonable interpretation should be adopted by the courts which will give consistent effect to the apparent intention of Congress. Statutes should not be read literally, when such reading leads to absurd results. They should be given "a reasonable application consistent with their words and with the legislative purpose." Haggar Company v. Helvering, supra, 308 U.S. 389, 394, 60 S.Ct. 337, 339, 84 L.Ed. 340.

Congress evidently considered that less time would be required for the discovery of errors in tax returns resultant from miscalculations or mere overpayment than would be required to ascertain the erroneous or illegal nature of an assessment. Hence, the inference is logical that Congress intended to allow the taxpayer a longer time to determine whether he had been erroneously or illegally assessed than would be permitted him for the discovery of a mere overpayment of taxes, assessed and collected upon a correct or legal basis. This would explain the longer time limitation provided by Congress in Section 3313 than that allowed in Section 322 of the Internal Revenue Code.

The judgment of the District Court is affirmed.