**LIBERTY GLASS CO. v. JONES, Collector of Internal Revenue.**

**Civil Action No. 1724.**

District Court, W. D. Oklahoma.

April 3, 1946.

---

[1] 46 U.S.C.A. §§ 741–752.

Earl Foster, of Oklahoma City, Okl., for plaintiff.

Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl. (Sewall Key, Acting Asst. Atty. Gen., and Andrew D. Sharpe and John W. Fisher, Sp. Assts. to Atty. Gen., on the brief), for defendant.

VAUGHT, District Judge.

The Liberty Glass Company, a corporation, brings this action against H. C. Jones, Collector of Internal Revenue, seeking to recover the sum of $1053.49, with interest from March 8, 1941, for taxes paid by it upon what it claims was an "illegal and erroneous" assessment.

The defendant has filed a motion to dismiss for the reason that the complaint "fails to state a claim upon which any relief can be granted, in that the complaint shows upon its face that the taxpayer filed no timely claim for refund and therefore the complaint fails to state any claim over which this court would have jurisdiction."

The parties have filed a stipulation of facts, the pertinent parts of which are as follows:

"(3) That under the applicable revenue law, the plaintiff was required to file a corporation income and excess profits tax return for the taxable year 1938. That on or about the 15th day of June, 1939, plaintiff filed with defendant its corporation income and excess profits tax return for the year 1938, after having secured an extension of three months from March 15, 1939.

"(4) That said tax return showed a taxable net income for the year 1938 in the sum of $9,058.90, with tax due thereon in the sum of $1,193.25; that during the year 1939 plaintiff paid said $1,193.25 in the manner and on the dates as set out in Exhibit 'A' attached to the complaint, except that the payment of $500.00 shown as paid on March 15, 1939, was paid March 18, 1939, which Exhibit 'A' is a copy of the claim plaintiff filed with defendant Collector of Internal Revenue, which will be hereinafter referred to.

"(5) That in November 1939, Thomas S. Depew, Internal Revenue Agent, made an examination of said 1938 return of this plaintiff above referred to and made a report that the taxable income of the plaintiff for the year 1938 was $10,191.28, which resulted in an additional tax of $158.53 as sessed against plaintiff, and which plain-tiff paid.

"(6) That in November 1940, a re-examination was made of the 1938 return filed by plaintiff by Carl E. Latta, a revenue agent, and his report was dated December 26, 1940, in which report he found that during the year 1938 plaintiff had a taxable net income of $42,139.48, which resulted in an assessment in the sum of $7,992.59, and after deducting the amounts previously paid, as hereinabove set out, left due an additional tax for said year in the sum of $6,640.81, which amount was paid by plaintiff on March 8, 1941, and that in case judgment shall be rendered for plaintiff that plaintiff be entitled to judgment in the sum of $1,053.49, with interest as provided by law, same being two and a half (2½) per centum of the amount of its net income in the sum of $42,139.48.

"(7) That the report and computation of tax made by said Carl E. Latta failed to allow any credit for the money used to retire indebtedness of The Liberty Glass Company, and that said Liberty Glass Company retired indebtedness in the year 1938 in the sum of $75,191.78, which is shown on Schedule 1 and Schedule 2 of Exhibit 'A'

of plaintiff's complaint, which retired .indebtedness comes within Sec. 13 & 27 of the Revenue Act of 1938 [26 U.S.C.A. Int. Rev.Code, §§ 13, 27], it being agreed that the statements as to the retirement of indebtedness so shown on Schedules 1 and 2 of Exhibit 'A' are correct.

"(8) That the claim so filed was rejected by the Commissioner of Internal Revenue and refund denied pursuant to a letter signed by Norman D. Conn, under date of June 24, 1944, true and correct copy of said letter being attached to the complaint as Exhibit 'B'.

"(9) That Exhibit 'A' attached to plaintiff's complaint is a true and correct copy of the claim duly filed with the defendant Collector of Internal Revenue for the State of Oklahoma on the 30th day of March, 1944.

"(10) That the computations made in said Exhibit 'A' as to the amount charged and the amounts paid are all correct.

"(11) That the above and foregoing constitute all the facts necessary for a proper hearing of this matter; and that the same may be submitted to the court with this stipulation of facts and a judgment rendered according to the law governing such cases."

It will be observed that in paragraph 6 of the stipulation the tax was paid in a sum found to be due in a rechecking of the original return, which is a sum vastly in excess of the amount. paid on the original return. The sum was paid on March 8, 1941, and it is stipulated "that in case judgment shall be rendered for plaintiff that plaintiff be entitled to judgment in the sum of $1,053.49, with interest as provided by law, same being two and a half (2½) per centum of the amount of its net income in the sum of $42,139.48."

Paragraph 7 of the stipulation provides:

"That the report and computation of tax made by said Carl E. Latta failed to allow any credit for the money used to retire indebtedness of The Liberty Glass Company, and that said Liberty Glass Company retired indebtedness in the year 1938 in the sum of $75,191.78, which is shown on Schedule 1 and Schedule 2 of Exhibit 'A' of plaintiff's complaint, which retired indebtedness comes within Sec. 13 & 27 of the Revenue Act of 1938, [26 U.S.C.A. Int.Rev.Code, §§ 13, 27], it being agreed that the statements as to the retirement of indebtedness so shown on Schedules 1 and 2 of Exhibit 'A' are correct."

Paragraph 8 of the stipulation agrees that a claim was filed and was rejected by a letter of June 24, 1944, as shown by exhibit B of the complaint. The basis for the disallowance of the claim was that the statute of limitations had run against the claim.

The claimant contends that it comes within the provisions of 26 U.S.C.A. Int. Rev.Code, § 3313, which is as follows:

"All claims for the refunding or crediting of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty alleged to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected must, except as otherwise provided by law in the case of income, war-profits, excess-profits, estate, and gift taxes, be presented to the Commissioner within four years next after the payment of such tax, penalty, or sum. The amount of the refund (in the case of taxes other than income, war-profits, excess-profits, estate, and gift taxes) shall not exceed the portion of the tax, penalty, or sum paid during the four years immediately preceding the filing of the claim, or if no claim was filed, then during the four years immediately preceding the allowance of the refund."

The defendant contends that 26 U.S.C.A. Int.Rev.Code, § 322(a) (1), (b) (1), which read as follows, control:

"(a) Authorization (1) Overpayment Where there has been an overpayment of any tax imposed by this chapter, the amount of such overpayment shall be credited against any income, war-profits, or excess-profits tax or installment thereof then due from the taxpayer, and any balance shall be refunded immediately to the taxpayer. * * *

"(b) Limitation on allowance (1) Period of limitation. Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by

the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later. If no return is filed by the taxpayer, then no credit or refund shall be allowed or made after two years from the time the tax was paid, unless before the expiration of such period a claim therefor is filed by the taxpayer."

The interpretation of these statutes is decisive of the motion to dismiss and the judgment to be rendered.

The question as to which of these two statutes controls in such situations as we have here is not a new one. In the following cases, the courts have had the question under consideration and, as I view the decisions, have in each instance held contrary to the contention advanced by the defendant: Olsen v. United States, D.C.S.D.Cal., 1940, 32 F.Supp. 276; In re Tindle's Estate, D.C.E.D.Pa., 1945, 59 F.Supp. 667; Huntley v. Southern Oregon Sales, Inc., 9 Cir., 1939, 102 F.2d 538; United States v. The Lederer Terminal Warehouse Co., 6 Cir., 1943, 139 F.2d 679, 681.

In The Lederer Terminal Warehouse Co. Case, supra, the court concluded as follows:

"If two statutes present ambiguities, a reasonable interpretation should be adopted by the courts which will give consistent effect to the apparent intention of Congress. Statutes should not be read literally, when such reading leads to absurd results They should be given 'a reasonable application consistent with their words and with the legislative purpose.' Haggar Co. v. Helvering, supra, 308 U.S. 389, 394, 60 S.Ct. 337, 339, 84 L.Ed. 340.

"Congress evidently considered that less time would be required for the discovery of errors in tax returns resultant from *miscalculations* or mere overpayment than would be required to ascertain the *erroneous* or *illegal* nature of an *assessment*. Hence, the inference is logical that Congress intended to allow the taxpayer a longer time to determine whether he had been *erroneously* or *illegally assessed* than would be permitted him for the discovery of a *mere overpayment* of taxes, *assessed* and *collected upon a correct legal basis.* This would explain the longer time limitation provided by Congress in Section 3313 than that allowed in Section 322 of the Internal Revenue Code." (Emphasis supplied.)

It is only when two statutes present ambiguities that courts are concerned with the history of the legislation. If this was not the rule, courts would be engaged in continuous and unending controversies over disagreements as to what the legislators had in mind in framing the language of the statutes. But where the statutes do not present ambiguities, then the intent must be determined by the language of the statutes themselves. As I view these statutes, there is no ambiguity presented here. The purpose of each of them is very clear. Section 322 deals with *overpayments* of any tax legally imposed, while Section 3313 deals with claims for credits or refunds claimed to have been paid on sums *alleged to have been erroneously or illegally assessed or collected,* or claims for any sum *alleged to have been excessive or in any manner wrongfully collected.* The statute (Section 3313) clarifies its intent by providing these words: "except as otherwise provided by law in the case of income, war-profits, excess-profits, estate, and gift taxes." Clearly this must refer to Section 322 which provides a period of limitation on claims for *overpayment* on such taxes, of *three years* from the time the taxpayer filed his return or within *two years* from the time the tax was paid. The claim of the plaintiff is for a sum alleged to have been erroneously or illegally assessed and clearly is governed by the limitation so provided in Section 3313. To hold otherwise would be contrary to all of the well-considered cases above cited.

The motion to dismiss should be and is hereby overruled and judgment should be rendered for the plaintiff for the sum of $1053.49, with interest at two and a half per centum, as provided by the stipulation, from March 8, 1941.

Form of judgment, consistent with this opinion, may be submitted within ten days from this date.