**NOBLE v. KAVANAGH.**

No. 3855.

District Court, E. D. Michigan, S. D.

May 14, 1946.

As Amended June 3, 1946.

Eugene M. Baynes, of West Palm Beach, Fla., W. H. Harris, of Fort Valley, Ga., and Julius L. Berns, of Detroit, Mich., for plaintiff.

John C. Lehr, U. S. Atty., and Morris Zwerdling, Asst. U. S. Atty., both of Detroit, Mich., Sewall Key, Acting Asst. Atty. Gen., and Andrew D. Sharpe, Frank J. Ready, and Ruppert Bingham, Sp. Assts. to Atty. Gen., for defendant.

LEDERLE, District Judge.

Findings of Fact.

1. This action involves a claim by plaintiff, J. H. Noble, for the recovery of some $21,000 paid as income taxes by plaintiff to defendant, Giles Kavanagh, Collector of Internal Revenue for this District, upon a deficiency assessment levied upon the 1935 joint income tax return of plaintiff and his wife, who were at that time residents of this District. The case was heard April 15, 1946, on oral argument of amended cross motions for summary judgment, supplemented by written briefs. The case is at issue on plaintiff's third amended complaint and defendant's answer thereto. The facts are not in dispute and were stipulated through a series of pre-trial hearings under Federal Rules of Civil Procedure, Rule 16, 28 U.S.C.A. following section 723c.

2. Briefly, the pertinent facts are as follows: The impugned assessment was predicated upon the disallowance by the Collector of the taxpayers' right to deduct capital asset losses of the wife from capital asset gains of the husband, as a result of which plaintiff paid defendant the sum of $21,105.90 on July 21, 1937. On December 9, 1940, in Helvering v. Janney, 311 U.S. 189, 61 S.Ct. 241, 85 L.Ed. 118, 131 A.L.R. 980, the Supreme Court held that husband and wife taxpayers filing a joint

return were entitled to such a deduction. On January 28, 1941, plaintiff and his wife filed a claim for refund of this $21,105.90, citing the four year from payment provision of 26 U.S.C.A. Int.Rev.Code, § 3313 as the applicable limitation period for filing such claim, alleging the assessment and collection to have been illegal. On August 19, 1941, the Commissioner formally notified plaintiff and his wife by registered mail of the disallowance and rejection of said claim for refund as not being timely under the two year from payment provision of 26 U.S.C.A. Int.Rev.Code, § 322(b) (1). On July 10, 1943, this action was instituted.

3. The sole controversy here is whether the taxpayer's claim for refund filed within four years after payment, is timely under 26 U.S.C.A. Int.Rev. Code, § 3313, as an erroneous and illegal assessment and collection, or whether it is barred under the two year after payment limitation period prescribed by 26 U.S.C.A. Int.Rev. Code, § 322 (b) (1). This point was decided adversely to the Government's contentions by the Sixth Circuit Court of Appeals in United States v. Lederer Terminal Warehouse, 139 F.2d 679, which case has never been reversed or overruled. Defendant's counsel concede that if this court follows that ruling, plaintiff is entitled to judgment upon his motion for summary judgment. Defendant has filed an exhaustive brief, containing, among other things, the legislative history of sections 3313 and 322, in an attempt to show that the last cited case, as well as the ones upon which it relies, were decided incorrectly.

4. The amount here involved is $21,105.-90, together with interest thereon to be computed from and after the date of payment thereof to the defendant on July 21, 1937, as provided by Section 177(b) of the Judicial Code, as amended by Section 808 of the Revenue Act of 1936, 28 U.S.C.A. § 284.

### Conclusions of Law.

1. This is a suit for recovery of an allegedly erroneously and illegally assessed income tax, and, as such, is an action arising under a law providing for internal revenue, over which this court has jurisdiction. 28 U.S.C.A. § 41(5).

2. A decision of the Circuit Court of Appeals for the Sixth Circuit, construing the limitation provisions covering filing of claims for refund of taxes, as contained in the Internal Revenue Code, is binding upon District Courts in the Sixth Circuit, including this court, until reversed or overruled. Seattle-First Nat. Bank v. United States, D. C., 44 F.Supp. 603, affirmed in 9 Cir., 136 F.2d 676 and 321 U.S. 583, 64 S.Ct. 73, 88 L.Ed. 944.

3. The law established for this Circuit by the Sixth Circuit Court of Appeals is that money paid under the circumstances here involved constitutes internal revenue taxes illegally and erroneously collected, in which event the taxpayer has four years after payment to file claim for refund, under 26 U.S.C.A. Int.Rev. Code, § 3313, rather than two years, as provided by 26 U.S.C.A. Int.Rev. Code, § 322(b) (1) in case of an overpayment. United States v. Lederer Terminal Warehouse, 6 Cir., 139 F.2d 679. See also: Huntley v. Southern Oregon Sales, Inc., 9 Cir., 102 F.2d 538, and Olsen v. United States, D.C.Cal., 32 F.Supp. 276, cited as authority in the Lederer case; Pennsylvania Co. (Tindle Estate) v. United States, 3 Cir., 152 F.2d 757; International Arms, etc., Co. v. United States, 37 F.2d 771, 69 Ct.Cl. 142; Liberty Glass Co. v. Jones, D. C. Okl., 66 F.Supp. 254.

4. Accordingly, the claim for refund having been filed within four years after the payment of taxes illegally and erroneously assessed and collected, and this suit having been instituted within two years after notification by registered mail of the rejection of the claim for refund, both the claim for refund and this suit are timely. 26 U.S.C.A. Int.Rev. Code, § 3313, as interpreted by United States v. Lederer Terminal Warehouse, supra; 26 U.S.C.A. Int.Rev. Code, § 3772(a) (1) and (2).

5. Where, as here, a case is at issue, there is no dispute as to any material fact, and the plaintiff is entitled to judgment as a matter of law, plaintiff's motion for summary judgment should be granted. Federal Rules of Civil Procedure, rule 56

(a) and (c), 28 U.S.C.A. following section 723c.

6. Accordingly, a summary judgment is being entered simultaneously herewith for the sum of $21,105.90, together with interest thereon to be computed from and after the date of payment thereof to the defendant on July 21, 1937, as provided by Section 177(b) of the Judicial Code, as amended by Section 808 of the Revenue Act of 1936, 28 U.S.C.A. § 284.