SBARBARO et al. v. UNITED STATES.
No. 46 C 597.

District Court, N. D. Illinois, E. D.
May 29, 1947.

Schultz & Schwartz, of Chicago, Ill., for plaintiffs.

J. Albert Woll, U. S. Atty., of Chicago, Ill., for defendant.

LA BUY, District Judge.

This is a suit for recovery of federal income tax. On March 10, 1941, plaintiffs filed a joint income tax return for the calendar year 1940, in which was reported a tax due in the amount of $6,482.47 assessed by the Commissioner of Internal Revenue in March 1941 and paid by plaintiffs in two installments of $1620.62 on March 10, 1941, and $4,861.85 on April 24, 1941. Thereafter, and for reasons not involved in the present action, a refund as overpayment was made in the sum of $488.59 together with interest.

In the income tax return filed for the year 1940 plaintiffs included the sum of $18,716.58 representing compensation received in the year 1940 for personal services rendered by plaintiff, John A. Sbarbaro, as master in chancery. The amount of income tax attributable to the inclusion in income of that compensation is $5,169-.37. A claim for refund was made on April 22, 1944, and was disallowed by the Commissioner of Internal Revenue on August 14, 1945, as having been filed too late under Section 322(b) (1) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 322(b) (1).

All of the above facts have been stipulated by the parties. Although the compensation received by the plaintiff, John A.

Sbarbaro, as master in chancery is claimed to be exempted from tax by Section 203 of the Public Salary Tax Act of 1939, as amended by Section 509 of the Revenue Act of 1942, 26 U.S.C.A.Int.Rev.Acts, page 358, it is not stipulated by the parties to be so exempt. However, the briefs of defendant concede such income to be exempt.

The sole issue presented by the briefs of the litigants is that of the applicable section of the Internal Revenue Code determaining the limitation of time for the filing of refund claims.

The disputed sections of the Internal Revenue Code are Section 322(a) (1) and (b) (1) of Title 26, U.S.C.A. Int.Rev. Code, providing:

"(a) (1) Overpayment. Where there has been an overpayment of any tax im· posed by this chapter, the amount of such overpayment shall be credited against any income, war-profits, or excess-profits tax or installment thereof then due ·from the taxpayer, and any balance shall be refunded immediately to the taxpayer. ·

\* \* \* \* \* \*

"(b) (1) Period of limitation. Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time of the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later. \* \* \* "

and Section 3313 of Title 26 U.S.C.A. Int. Rev.Code, providing:

"Period of limitation upon refunds and credits. All claims for the refunding or crediting of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty alleged to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected must, except as otherwise provided by law in the case of income, war-profits, excess-profits, estate, and gift taxes, be presented to the Commissioner within four years next after the payment of such tax, penalty, or sum. \* \* \* "

It is conceded by plaintiff that the claim was untimely filed if Section 322 (b) (1) of the Internal Revenue Code is applicable herein. It is conceded by defendant that if Section 3313 of the Internal Revenue Code is applicable the plaintiffs' claim was timely filed.

Plaintiffs have cited the following cases supporting the interpretation that Section 322 (b) (1) applies only to an "overpayment" of tax while Section 3313 applies to tax "erroneously or illegally assessed or collected": Huntley v. Southern Oregon Sales, Inc., 9 Cir., 1939, 102 F.2d 538; Olsen v. United States, D.C.Cal. 1940, 32 F.Supp. 276; Godfrey v. United States, D.C.N.Y. 1940, 61 F.Supp. 240; United States v. Lederer Terminal Warehouse Co., 6 Cir., 1943, 139 F.2d 679; Pennsylvania Co. for Insurance on Lives & Granting Annuities v. United States, D.C.Pa.1945, 59 F.Supp. 667, affirmed 3 Cir., 152 F.2d 757; Liberty Glass Co. v. Jones, D.C.Okl. 1946, 66 F.Supp. 254, affirmed 10 Cir., 159 F.2d 316; Noble v. Kavanagh, D.C. Mich.1946, 66 F.Supp. 258, affirmed 6 Cir., 160 F.2d 104.

The Commissioner contends these decisions are unsound and should not be followed since they are based on the erroneous assumption that "overpayment" of tax and "erroneously or illegally assessed or collected" taxes are not synonymous terms and (1) would make an orderly, fair and equitable administration of the internal revenue laws impossible resulting in injustice, confusion and absurdities, (2) there· is nothing in the legislative history of the pertinent provisions of the statute that reasonably may be said to indicate Congress intended that any but the ordinary and commonly understood meaning should be attributed to the terms employed. It is further contended by the Commissioner· that Section 3313 is applicable only to Subtitle B relating to Miscellaneous Taxes and is different from that provided in Section 322 applicable to Subtitle A relating to· income, estate and gift taxes since in the latter the taxes are subject to the jurisdiction of the Tax Court of the United States whereas the former are not so subject.

The basis for the distinction contended for by the plaintiffs is expressed in the·

Lederer case, supra [139 F.2d 681], as follows:

"Congress evidently considered that less time would be required for the discovery of errors in tax returns resultant from miscalculations or mere overpayment than would be required to ascertain the erroneous or illegal nature of an assessment. Hence, the inference is logical that Congress intended to allow the taxpayer a longer time to determine whether he had been erroneously or illegally assessed than would be permitted him for the discovery of a mere overpayment of taxes, assessed and collected upon a correct or legal basis."

 The two considered sections of the act must be read in the light of their purpose for the convenience of government officials in passing upon claims and not to entrap unwary taxpayers. The rule to be adopted should be a reasonable one and it seems to this court that the expression of the court in the Lederer case is one based on fairness and logic. This court follows the aforementioned authorities bearing on this question and holds that plaintiffs' claim for refund, based on an erroneous assessment and collection of income tax, is filed within the period specified by Section 3313.

 There remains the question of interest on said claim for refund. The question turns on the applicable section (Section 3771, 26 U.S.C.A. Int.Rev.Code) providing "Interest shall be * * * paid upon any overpayment in respect of any internal revenue tax at the rate of 6 per centum per annum." The key word in the sentence is "overpayment" and defendant states that since plaintiffs have insisted upon a distinction between that term as used in Section 322 and that of "erroneously or illegally assessed or collected" under Section 3313, they are also bound to that interpretation so far as the term "overpayment" in the interest section is concerned. However, it appears that plaintiffs were not indulging in a literal construction of "overpayment" since judicial interpreta-

tion and legislative intent have given the definition which they attribute to it. The definition of any statutory term is conditioned by the intent with which the term is used within the section.

No cases appear where an identical question has been raised. In Ward v. United States, D.C.Ark., 8 Cir., 1943, 52 F.Supp. 995, appeal dismissed on stipulation, 141 F.2d 500, a taxpayer reported receipt of an entire dividend though he was entitled to only a part thereof and as a result overpaid his income tax. The court held the taxpayer had erroneously assessed and overpaid his income tax and was entitled to recover judgment with interest at six per cent. No discussion was made concerning the applicability of interest. Section 3771 is the only section authorizing collection of interest on refunds and must be construed to apply to any overpayment whether caused by error through calculation or by inclusion of income not subject to tax.

### Findings of Fact.

1. The court adopts the Stipulation of Facts of the parties herein as its Findings of Fact and makes the following additional Finding of Fact:

2. The compensation received by the plaintiff, John A. Sbarbaro, for personal services as master in chancery, was exempt from tax by the Public Salary Tax Act of 1939.

### Conclusions of Law.

1. There was an illegal assessment in this case of $5169.37 which had not been refunded and arises solely out of the erroneous inclusion of income which was tax exempt.

 2. Section 3313, Title 26 of 26 U.S.C.A. Internal Revenue Code, governs the time within which plaintiffs were permitted to file a claim for refund and the claim for refund filed April 22, 1944, was a valid, sufficient and timely claim.

3. Plaintiffs are entitled to judgment for $5169.37, together with interest to be calculated from the respective dates of payment.